# Illinois Official Reports

## Supreme Court

***People v. Bailey*, 2014 IL 115459**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHRISTOPHER B. BAILEY, Appellant. |
| Docket No. | 115459 |
| Filed | February 6, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a case in which a guilty plea was entered and, years later, a motion for its withdrawal was made for the first time and the State participated actively in the proceedings with no untimeliness objection, the circuit court did not reacquire jurisdiction and should have dismissed for lack thereof where the State sought no alteration of the prior judgment—revestment doctrine inapplicable and its parameters clarified. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Du Page County, the Hon. William Ferguson, Judge, presiding. |
| Judgment | Appellate court judgment affirmed as modified. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Jaime L. Montgomery, Assistant Appellate Defender, of Elgin, for appellant.<br><br>Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Michael M. Glick and Retha Stotts, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Justices

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

¶ 1 In this appeal, we are presented with an opportunity to clarify the parameters of the revestment doctrine that permits a court to be revested with jurisdiction despite the absence of a timely postjudgment filing. At the core of this dispute is whether a party may satisfy the doctrine's requirement that the subsequent proceeding be inconsistent with the prior judgment simply by failing to object on the basis of its untimeliness or the finality of the prior judgment. We conclude that the revestment doctrine requires more and that expressing opposition to alteration of the prior judgment bars application of the doctrine. Here, the State opposed the alteration of the prior judgment, precluding the circuit court from reacquiring jurisdiction over defendant's case under the doctrine of revestment. The circuit court should therefore have dismissed defendant's postjudgment motion to vacate his plea and sentence for lack of jurisdiction. Because the appellate court correctly concluded that revestment did not occur, we affirm its judgment, as modified herein.

¶ 2 I. BACKGROUND

¶ 3 In March 2007, the 17-year-old defendant pled guilty in the circuit court of Du Page County to criminal sexual abuse involving his 16-year-old girlfriend. He was sentenced to pay a $100 fine and serve 300 days in the county jail, with credit for time served. When asked whether there was "any sentence regarding [sex offender] registration?" the trial judge responded, "No." More than three years later, in October 2010, defendant filed a motion to vacate the plea and sentence, arguing they were void because the trial court was required to order him to register. The State filed a written response to defendant's motion to vacate, arguing only that the trial court's actions did not render the plea and sentence void. The trial judge denied defendant's motion on the merits.

¶ 4 On appeal, defendant argued that remand was necessary because defense counsel failed to comply with the mandatory certification requirement in Supreme Court Rule 604(d). The appellate majority dismissed defendant's appeal for lack of jurisdiction. 2012 IL App (2d) 110209. The dissenting justice maintained that the majority erred by relying on cases that misconstrued the revestment doctrine and were factually distinguishable. 2012 IL App (2d) 110209, ¶ 44 (McLaren, J., dissenting). This court allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 5                                              II. ANALYSIS

¶ 6          Before this court, the parties raise three issues: (1) whether the appellate court properly dismissed defendant's appeal for lack of jurisdiction because the revestment doctrine did not apply under the facts of the case; (2) alternatively, whether the appellate court properly dismissed his appeal for want of jurisdiction when his trial counsel failed to file the certification required under Supreme Court Rule 604(d) (eff. Feb. 6, 2013); and (3) if the appellate court did err, whether the trial court improperly denied defendant's motion to vacate his plea and sentence and remand the cause for strict compliance with Rule 604(d) and a new post-plea hearing.

¶ 7                                        The Revestment Doctrine

¶ 8          The central issue urged by both parties is the continued validity and scope of the revestment doctrine. Under our usual rules, a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment. The revestment doctrine acts as an exception to that general rule. Defendant raised the doctrine in the appellate court after the State argued that his motion to vacate, filed more than three years after the entry of his conviction and sentence, was untimely.

¶ 9          In *People v. Kaeding*, 98 Ill. 2d 237, 240 (1983), this court recognized the narrowness of the revestment exception and outlined its requirements. For the doctrine to apply, "the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." *Kaeding*, 98 Ill. 2d at 241. Defendant argues that because these requirements were met, the trial court was revested with jurisdiction.

¶ 10         Before addressing that question, however, the State suggests the abolition of the revestment doctrine, at least in the criminal law context, because it conflicts with both the established rule that the deadline for filing postjudgment motions is jurisdictional and the critical need for finality in criminal cases. While the application of the doctrine is undoubtedly in conflict with our otherwise strict jurisdictional standards, an exception is, by its very nature, always in conflict with the underlying rule. That conflict cannot be the sole reason to abolish the longstanding doctrine creating the exception.

¶ 11         Our state constitution broadly gives circuit courts "original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction ***. Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, § 9. In addition, this court possesses the constitutional authority both to "provide by rule for appeals to the Appellate Court, from other than final judgments of Circuit Courts" (Ill. Const. 1970, art. VI, § 6) and "provide by rule for expeditious and inexpensive appeals" (Ill. Const. 1970, art. VI, § 16). This court first applied the revestment doctrine in a criminal case as an exception to our usual jurisdictional rules in 1983. See *Kaeding*, 98 Ill. 2d at 241. Under the principle of *stare decisis*, we will not overturn longstanding precedent in the absence of a demonstration of "good cause" or the identification of "compelling reasons." *People v. Clemons*, 2012 IL 107821, ¶ 53. The inherent conflict between a rule and its exception does not meet that high standard.

¶ 12       Also, while we acknowledge the important role that finality plays in our criminal justice system, we note that at times that role must take a backseat to other fundamental considerations. As we have explained:

> "[S]pecial circumstances may arise in which the interests of finality are lessened and the circuit court should be revested with jurisdiction over a previously determined matter. The subsequent imposition of a sentence in another jurisdiction is the type of circumstance that may warrant the expansion of the circuit court's jurisdiction. *** The provision does not conflict with any of our own rules, nor does it encroach upon the inherent powers of the judiciary." *People v. Bainter*, 126 Ill. 2d 292, 304-05 (1989) (recognizing several instances when the legislature has "purported to revest the circuit courts with jurisdiction over otherwise final judgments").

It is also irrefutable that a void order is subject to either direct or collateral attack at any time, regardless of the length of time that has passed since its entry. *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). Therefore, our jurisdictional rules are not without limited, but critical, safeguards, including the revestment doctrine. Although the doctrine has sometimes been dormant in this court's decisional law (*Kaeding*, 98 Ill. 2d at 241), we have never expressly rejected it.

¶ 13       Indeed, we have applied the revestment doctrine in *Sears*, *Kaeding*, and *People v. Bannister*, 236 Ill. 2d 1, 11 (2009), although we have not discussed it in any depth since enumerating its requirements in *Kaeding* (*Kaeding*, 98 Ill. 2d at 241). The State argues, however, that this court's decision in *Flowers* created uncertainty over the continued vitality of the doctrine, a point also raised by the three dissenting justices in *Bannister*, 236 Ill. 2d at 23-24 (Freeman, J., dissenting, joined by Kilbride and Burke, JJ.). Notably, however, in *Flowers* we were not directly presented with the application of the doctrine. Nonetheless, our general discussion of jurisdictional limitations in that case has raised some question in our appellate court about the continued validity of the doctrine. See *People v. Price*, 364 Ill. App. 3d 543, 546-47 (2006) (raising the issue of whether *Flowers* eliminated the revestment doctrine).

¶ 14       In *Flowers*, this court noted that "[t]he jurisdiction of trial courts to reconsider and modify their judgments is not indefinite," generally expiring 30 days after entry of the judgment in the absence of a timely postjudgment motion. *Flowers*, 208 Ill. 2d at 303. We also recognized that "[l]ack of subject matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties [citation]." *Flowers*, 208 Ill. 2d at 303. Because the State has now raised the language in *Flowers* to support the abolition of the revestment doctrine, we address the question.

¶ 15       The appellate court in *People v. Minniti*, 373 Ill. App. 3d 55 (2007) pointed out a basis for the perceived conflict between the revestment doctrine and *Flowers*. The appellate court believed that " 'the rationale behind the revestment doctrine' " is that the party who "benefitted" under the prior judgment, here the State, was revesting the trial court with jurisdiction by either giving consent for the trial court to rehear the matter or waiving the right to challenge the court's jurisdiction. *Minniti*, 373 Ill. App. 3d at 65 (quoting *People v. Price*, 364 Ill. App. 3d 543, 546 (2006)). That rationale directly contradicts the explanation in

*Flowers* that subject matter jurisdiction may not be waived or cured by consent (*Flowers*, 208 Ill. 2d at 303), creating the purported conflict relied on by the State.

¶ 16    Initially, we observe that the revestment doctrine was not even mentioned in *Flowers*. In addition, the general jurisdictional statements in *Flowers* may be reconciled with the doctrine because the two address different matters. As *Kaeding* taught, the three requirements for revestment of the court's jurisdiction are: (1) active participation by the parties; (2) without objection; (3) in proceedings inconsistent with the merits of the earlier judgment. *Kaeding*, 98 Ill. 2d at 241. "Consent" or "waiver," as discussed in *Flowers*, are not listed, nor do the *Kaeding* elements include conduct synonymous with either one. Because the revestment doctrine is to be applied narrowly (*Kaeding*, 98 Ill. 2d at 240), we will not read its elements expansively to incorporate conduct that we expressly rejected in *Flowers*. Consequently, we are not persuaded by the State's contention that a direct conflict between the fundamental principles of jurisdiction stated in *Flowers* and the requirements for revestment in *Kaeding* necessitates the abandonment of the revestment doctrine.

¶ 17    Alternatively, the State argues that the elements of the doctrine have not been satisfied in this case. Here, the parties acknowledge that two of the three requirements have been met: both actively participated in proceedings on defendant's motion to vacate and the State did not object to the motion's timeliness. Only the third requirement, whether those proceedings were "inconsistent with the merits of the prior judgment," remains in dispute.

¶ 18    Defendant asserts that the appellate court erred by relying on the dissent in *Minniti* in interpreting that phrase. The appellate court found that the phrase requires both parties to agree that the prior judgment was improper or unjust for revestment to occur. 2012 IL App (2d) 110209, ¶ 33 (citing *Minniti*, 373 Ill. App. 3d at 75-76 (Kapala, J., dissenting)). Defendant's position is supported by a number of appellate decisions. *E.g.*, *People v. Salcedo*, 2011 IL App (1st) 083148, ¶ 29; *People v. Lane*, 2011 IL App (3d) 080858, ¶ 18; *People v. Gibson*, 403 Ill. App. 3d 942, 948 (2010); *People v. Gutman*, 401 Ill. App. 3d 199, 211 (2010), *aff'd in part & rev'd in part*, 2011 IL 110338; *People v. Flaugher*, 396 Ill. App. 3d 673, 693 (2009) (Myerscough, P.J., dissenting); *People v. Lindmark*, 381 Ill. App. 3d 638, 652 (2008); *People v. Zoph*, 381 Ill. App. 3d 435, 449-50 (2008); *Minniti*, 373 Ill. App. 3d at 67; *People v. Gargani*, 371 Ill. App. 3d 729, 732 (2007); *People v. Watkins*, 325 Ill. App. 3d 13, 17 (2001). In each of those cases, the appellate court concluded that the proceedings were inconsistent with the prior judgment even when one party argued in favor of adhering to that judgment. The decisions reasoned that, in the absence of a timeliness objection, the parties' active participation was inconsistent with the finality of the original judgment. Defendant adds that the State's contrary assertion that both parties must seek to alter the prior judgment for revestment to occur renders the phrase "without objection" meaningless. We disagree.

¶ 19    *Kaeding* establishes three *independent* criteria for the application of the revestment doctrine: (1) active participation by the parties; (2) without objection; (3) in proceedings inconsistent with the merits of the prior judgment. *Kaeding*, 98 Ill. 2d at 241. The argument that the failure to object is sufficient to deem the proceedings inconsistent with the merits of the prior judgment effectively collapses those three requirements into two: (1) active participation; and (2) lack of objection. The proper interpretation of the three *Kaeding*

requirements must recognize and maintain their distinct individual character. If any one of the requirements remains unfulfilled, the revestment doctrine will not apply. Accordingly, we reject defendant's argument that a party's active participation in the proceedings without objecting on grounds of timeliness or finality is sufficient to satisfy the requirement that the proceedings be inconsistent with the prior judgment. See *Kaeding*, 98 Ill. 2d at 241 (listing the requirements for application of the doctrine).

¶ 20    We next examine this court's more recent case law addressing the "inconsistency" prong of the revestment doctrine. In *Sears*, this court addressed the doctrine for the first time since 1951, when it decided *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46 (1951). With minimal discussion, the *Sears* court considered the "inconsistent with the prior proceedings" element, holding that jurisdiction was not revested because the recipient of a support order argued against a motion to reopen the prior judgment. This court concluded that "[n]othing in the proceeding was inconsistent with the judgment," rendering the revestment doctrine inapplicable. *Sears v. Sears*, 85 Ill. 2d 253, 260 (1981).

¶ 21    The *Sears* rationale was the basis for our decision in *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536 (1984). Noting the factual similarity of the two cases, we concluded that the revestment doctrine did not apply where "nothing in [the plaintiff's] conduct implied any hint of willingness to having the judgment set aside." *Archer Daniels Midland*, 103 Ill. 2d at 540.

¶ 22    In *Kaeding*, this court examined the application of the doctrine when both parties' untimely postjudgment motions sought alteration of the prior judgment. We found that jurisdiction was revested, distinguishing *Sears* on its facts. *Kaeding*, 98 Ill. 2d at 241. Because the State's motion "specifically attacked the substance of the circuit court's sentencing order" and the defendant failed to challenge that motion, instead requesting additional changes to the prior judgment, the requirements for the revestment doctrine were satisfied. *Kaeding*, 98 Ill. 2d at 241.

¶ 23    Finally, in *Bannister*, the State entered into a plea agreement with a separately tried and previously convicted co-defendant, Johnson, to obtain his testimony at defendant's retrial. Under that plea agreement, the State agreed to file a motion to vacate Johnson's existing sentence, accept a new guilty plea on one count of first degree murder, nol-pros a second count, and recommend a 60-year prison sentence in exchange for Johnson's " 'truthful testimony *** consistent with [his] post-arrest statements' " and pre-plea interviews. *Bannister*, 236 Ill. 2d at 6. Defendant Bannister argued that the State lacked the authority to enter into the plea agreement.

¶ 24    Finding that argument "unavailing," this court restated, without discussion, the requirements of the doctrine as noted in *Minniti*, 373 Ill. App. 3d at 65 (citing *Kaeding*, 98 Ill. 2d at 240-41). *Bannister*, 236 Ill. 2d at 10. In rejecting defendant's argument, we implicitly concluded that the revestment doctrine applied to the proceedings on the State's new plea agreement with Johnson because the three *Kaeding* requirements were met: both parties actively participated without objection in postconviction proceedings that were inconsistent with the merits of the prior conviction. In that context, the actions of Johnson and the State were clearly inconsistent with Johnson's prior conviction because both specifically sought to overturn it.

- 6 -

¶ 25    Based on this review of our case law, we conclude that this court has applied the revestment doctrine when both parties have sought to modify or overturn the prior judgment (*Kaeding* and *Bannister*) and rejected its application if one party has opposed any setting aside of the prior judgment (*Sears* and *Archer Daniels Midland*). Accordingly, we hold that, for the revestment doctrine to apply, *both* parties must: (1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment. If any one of those requirements remains unmet, the doctrine does not revest the court with jurisdiction. We expressly reject the reasoning used to justify the application of the revestment doctrine in *Minniti*, 373 Ill. App. 3d at 65-66, *Gargani*, 371 Ill. App. 3d at 731-32, and a number of other appellate court cases (see, *e.g.*, *supra* ¶ 18).

¶ 26    Our holding is consistent with the intentionally narrow application of the doctrine expressly recognized in *Kaeding*, 98 Ill. 2d at 240 (describing "the narrow terms of that well-established rule"). If we were to adopt defendant's broader view, a trial court would be revested with jurisdiction whenever one party failed to object based on the finality of the prior judgment or untimeliness of the new proceeding. That expansive view would unduly undermine our jurisdictional rules as well as the need for finality in judgments. Adopting defendant's position would effectively swallow the general rule that trial courts lose jurisdiction 30 days after entry of the judgment if a timely postjudgment motion is not filed (*Flowers*, 208 Ill. 2d at 303). We believe the narrow exception created by the revestment doctrine, as stated in *Kaeding*, 98 Ill. 2d at 240-41, and clarified here, strikes the proper balance between the need for certainty and finality in rulings and the requirements of justice and fairness.

¶ 27    Having clarified the parameters of the doctrine, we now consider the propriety of the trial court's order denying defendant's motion to vacate his plea and sentence on the merits. While the State failed to object on timeliness grounds in the trial court, it actively opposed the setting aside or modification of defendant's conviction and sentence. Its attempt to defend the merits of the prior judgment cannot be viewed as being inconsistent with that judgment. Since both parties did not assert positions that were inconsistent with the merits of the prior judgment, the criteria for application of the revestment doctrine were not met. Consequently, the trial court was not revested with jurisdiction to hear the merits of defendant's motion and should, instead, have dismissed the motion for lack of jurisdiction. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 43 (2011).

¶ 28    Given our conclusion, we need not address the other arguments raised by the parties. One additional point must be noted, however. Although the appellate court correctly recognized that the trial court did not reacquire jurisdiction under the revestment doctrine, its ultimate disposition of the case must be modified. The appellate court concluded that it lacked appellate jurisdiction and dismissed the appeal on jurisdictional grounds because the trial court did not have jurisdiction to consider the merits of defendant's motion. What the appellate court failed to recognize is that dismissing an appeal effectively leaves the lower court's ruling on the merits undisturbed and intact. Here, that is not the appropriate outcome. Because the trial court

lacked jurisdiction, its ruling on the merits of the motion was void. *People v. Davis*, 156 Ill. 2d 149, 155 (1993). Its judgment should have been vacated and defendant's motion dismissed.

¶ 29 Although it is true that an appellate court has no authority to address the substantive merits of a judgment entered by a trial court without jurisdiction (*Flowers*, 208 Ill. 2d at 307; *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 432 (2005)), that does not mean that the appellate court has no jurisdiction at all. If that were the case, the appellate court would have no means of exercising the authority conferred on it by law to review, recognize, and correct any action that exceeded the trial court's jurisdiction. Illinois courts have held that a trial court's lack of jurisdiction is not a complete bar to the exercise of jurisdiction by the appellate court. Rather, in those cases, the appellate court is limited to considering the issue of jurisdiction below. *Kyles*, 359 Ill. App. 3d at 431-32; *People v. Vasquez*, 339 Ill. App. 3d 546, 553 (2003); *People v. Vinokur*, 2011 IL App (1st) 090798, ¶ 18. Accordingly, the appellate court in this case did not need to dismiss the appeal. After concluding that the trial court lacked jurisdiction to address the merits of defendant's motion to vacate, it should have vacated the trial court's judgment and ordered that defendant's motion be dismissed.

¶ 30                                III. CONCLUSION

¶ 31 For the reasons stated, the revestment doctrine requires all parties to satisfy each of these three criteria: (1) active participation in the subsequent proceedings; (2) a failure to object to the untimeliness of the late filing; and (3) the assertion of positions that are inconsistent with the merits of the prior judgment and support the setting aside of some portion of that judgment. Applying those factors here, we conclude that the appellate court properly held that defendant failed to establish the elements necessary to invoke the revestment doctrine and revest the trial court with jurisdiction.

¶ 32 For the reasons stated, the judgment of the appellate court is affirmed as modified.

¶ 33 Appellate court judgment affirmed as modified.