# Illinois Official Reports

## Appellate Court

***Board of Managers of Northbrook Country Condominium Ass'n v. Spiezer***,
**2018 IL App (1st) 170868**

| | |
|---|---|
| Appellate Court Caption | BOARD OF MANAGERS OF NORTHBROOK COUNTRY CONDOMINIUM ASSOCIATION, Plaintiff-Appellee, v. JUNE SPIEZER, as Trustee of the June Spiezer Revocable Trust Dated December 16, 1999, and UNKNOWN OCCUPANTS, Defendants (Joseph Spiezer, Intervenor-Appellant). |
| District & No. | First District, Second Division<br>Docket No. 1-17-0868 |
| Filed<br>Supplemental<br>opinion filed | February 20, 2018<br><br>April 10, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-721683; the Hon. Martin Moltz, Judge, presiding. |
| Judgment | Appeal dismissed; order to show cause entered. |
| Counsel on Appeal | K.O. Johnson, of Sycamore, for intervenor-appellant.<br><br>Sandra T. Kahn and James A. Slowikowski, of Dickler, Kahn, Slowikowski & Zavell, Ltd., of Arlington Heights, for appellee. |

Panel                    JUSTICE HYMAN delivered the judgment of the court, with opinion. Presiding Justice Neville and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1    The Board of Managers of the Northbrook Country Condominium Association (Board) sued June Spiezer, trustee of the June Spiezer Revocable Trust, to recover common expenses owed on her condominium unit. After the trial court entered a default judgment and order of possession, her son, Joseph Spiezer, moved that the default judgment and order of possession be vacated, which the trial court granted. Joseph then moved to quash service, which the trial court denied, finding Joseph submitted to the court's jurisdiction by filing the motion to vacate. The trial court entered another order of possession in favor of the Board.

¶ 2    Joseph timely appealed the order of possession, but the appeal was dismissed for want of prosecution. *Board of Managers of Northbrook Country Condominium Ass'n v. Spiezer*, No. 1-13-0573 (Aug. 28, 2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Almost three years later, Joseph filed a motion in the trial court to vacate the order of possession and for an accounting and judgment in his favor. The trial court found it no longer had jurisdiction and dismissed his motion, as well as a motion to reconsider.

¶ 3    Joseph appeals arguing (i) the trial court had jurisdiction to rule on his motions and (ii) the order of possession was void and the complaint should be dismissed. Having let his appeal on these issues lapse, Joseph cannot exhume his case by motion, and we must dismiss.

¶ 4    Further, in his brief, Joseph's attorney, K.O. Johnson, disparages opposing counsel and makes a number of statements that call into question the trial and appellate court's integrity. Because of the acerbity of his statements and his past behavior (a panel of this court previously warned Johnson regarding improper conduct), we order that he show cause within 30 days why sanctions should not be imposed under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994).

¶ 5                                    Background

¶ 6    On August 31, 2012, the Board of Managers of the Northbrook Country Condominium Association filed a forcible entry and detainer complaint against June Spiezer, as trustee of the June Spiezer Revocable Trust and unknown occupants, seeking possession and common expenses. June died some nine months earlier, and, in addition to serving the summons and complaint on unknown occupants, the Board served Joseph Spiezer, June's son. After the trial court entered a default order of possession in the Board's favor, Joseph successfully moved to vacate the order of possession. Joseph also moved to quash service, but the trial court denied the motion, finding that by filing the motion to vacate, he submitted to the court's jurisdiction.

¶ 7    On January 4, 2013, Joseph, as trustee of June Spiezer Revocable Trust, quitclaimed the condominium unit to himself. On January 16, 2013, the trial court once again entered an order of possession in the Board's favor. Joseph filed a timely notice of appeal, which the appellate court dismissed for want of prosecution. *Spiezer*, No. 1-13-0573.

¶ 8    Nearly three years later, on May 20, 2016, Joseph filed a petition to vacate the January 16, 2013, order of possession under section 2-1401(f) of the Code of Civil Procedure (735 ILCS

5/2-1401(f) (West 2014)), arguing the order of possession was void because June was deceased when the complaint was filed and her beneficiaries were not named as a party. Joseph voluntarily withdrew the section 2-1401 petition on June 21, 2016. On August 2, 2016, Joseph filed a motion to intervene in the forcible entry and detainer case, rearguing that June predeceased the filing of the case and her beneficiaries had not been properly served with a summons and complaint. Joseph asserted he should be allowed to intervene to vacate the January 16, 2013, judgment, to present a motion for an accounting, and to obtain judgment in his favor for rental income the Board received on the property after entry of the order of possession.

¶ 9       By agreed order, the trial court continued the motion several times while the parties engaged in settlement talks. On November 10, 2016, Joseph's attorney withdrew and his new attorney filed an appearance. The trial court continued the case to allow both parties to respond to Joseph's motion to intervene. On November 16, 2016, Joseph's new attorney filed another motion, seeking an accounting and asking the trial court to vacate the January 16, 2013, judgment and enter judgment in Joseph's favor. After the Board responded, the trial court entered an order on December 23, 2016, dismissing Joseph's motions for lack of jurisdiction finding that the "revestment doctrine," as explained in *People v. Bailey*, 2014 IL 115459, did not permit the court to exercise jurisdiction. Joseph filed a motion to reconsider, which the trial court denied on March 9, 2017. On April 5, 2017, Joseph filed a notice of appeal from the December 23, 2016, order dismissing his motions and the March 9, 2017, order denying his motion to reconsider.

¶ 10                                    Analysis

¶ 11      In his initial brief, Joseph asserts this court has jurisdiction under Illinois Supreme Court Rule 306 (eff. Jan. 1, 2016) and Rule 303 (eff. Jan. 1, 2015). In his reply, however, Joseph abandons his argument that Rule 306 provides a basis for appellate jurisdiction, and relies solely on Rule 303. Because Rule 303 precludes us from exercising jurisdiction, we must dismiss this appeal.

¶ 12      Rule 303(a)(1) states that "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015).

¶ 13      Joseph argues that the trial court had jurisdiction to address the merits of his motion to vacate the January 16, 2013, order of possession because "a void order may be attacked at any time or in any court, either directly or collaterally." Joseph asserts the order of possession was void because the Board failed to properly serve the trust, trustees, or beneficiaries. But in 2012, the trial court denied Joseph's motion to quash service, finding that he submitted to the court's jurisdiction by filing the motion to vacate its first order of possession. The trial court entered a second order of possession, and Joseph timely appealed. This court then dismissed the appeal for want of prosecution. *Spiezer*, No. 1-13-0573.

¶ 14      Some three years later, Joseph sought to make an end-run around his long abandoned appeal by filing a motion in the trial court to vacate the order of possession. His motion, however, does not create a right to appeal under Rule 303 nor does he provide us with any other rule that permits him to relitigate issues already decided in 2013 and already timely

appealed, albeit dismissed for want of prosecution. *Cf. In re K.A.*, 335 Ill. App. 3d 1095 (2003) (holding that where appeal is dismissed, party may not file section 2-1401 in trial court to circumvent the requirements of Rule 303); *see also In re Estate of Kunsch*, 342 Ill. App. 3d 552, 553 (2003) (dismissing appeal of disinherited son who sought to have will declared void after he failed to file a timely posttrial motion directed against the judgment).

¶ 15      In some limited circumstances, a court may be "revested" with jurisdiction. For the revestment doctrine to apply both parties must (1) actively participate in the proceedings, (2) fail to object to the untimeliness of the late filing, and (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment. *Bailey*, 2014 IL 115459, ¶ 25 (citing *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983)). When, as here, those requirements are not met, the court has no authority to address issues raised in an untimely motion.

¶ 16      We do not have jurisdiction and must dismiss.

¶ 17                             Rule to Show Cause

¶ 18      Throughout his opening and reply briefs, Joseph's attorney, K.O. Johnson, makes a series of remarks to disparage the performance of opposing counsel, calling her arguments "incoherent," "bizarre," "nauseating," "nonsensical," and a "word salad." His remarks serve no purpose other than to demean or insult the other side. We expect all attorneys to behave with respect and civility in their written as well as oral interactions with opposing counsel and with the court.

¶ 19      Johnson then aims a few poisonous darts at this court. For instance, he suggests that a panel of this court intentionally withheld a Rule 23 order entered in a related case (*Citibank, N.A. v. Unknown Heirs & Devisees of Spiezer*, 2017 IL App (1st) 161291-U) by failing to mail him a copy and that his representation of his client was hindered as a result. Johnson should know that the appellate court clerk notifies attorneys when issuing a Rule 23 order but does not mail a copy to the attorneys. Instead of making reckless remarks about the court, it was incumbent on Johnson to follow the progress of his client's case.

¶ 20      Johnson does not stop there. He goes further and condemns the entire appellate court's integrity, suggesting that "the chance that this case will be decided on the up [and up] is a stretch given the history of these cases but this party generally attributes to ignorance that which can also be attributed to malice." He further alleges, the Board "can literally say anything and prevail in this court." Johnson closes his opening brief with a derisive slap at both the trial court and this court by asserting that when the judiciary "is too lazy, too stupid or too corrupt to administer justice, the foundations of democracy come apart." Johnson attempts to justify these *ad hominem* attacks on his client's failure to prevail in the trial court or in either the trial or appellate court in the related case. Inflammatory and intemperate statements like Johnson's are highly improper, offensive, and have no place in legal briefs. We justices are thick-skinned; nevertheless, we are tasked to uphold the public's trust and confidence in the legal system, especially on those rare occasions when a member of the bar intentionally and unnecessarily seeks to undermine that confidence.

¶ 21      We note that this is not Johnson's first warning regarding inappropriate conduct before this court. In a 2011 case, *In re Marriage of Myers*, No. 2-10-1091 (Mar. 21, 2011) (unpublished order under Illinois Supreme Court Rule 23), the appellate court noted Johnson's "utter disregard *** for appellate procedure" and described his multiple failures to meet deadlines

- 4 -

"appalling and inexcusable." The court admonished Johnson that similar conduct would not be tolerated.

¶ 22    Johnson's statements flout the norms of proper discourse before the appellate court. Thus, we order that Johnson show cause within 30 days why sanctions should not be imposed under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) (reviewing court may impose a sanction on party or attorney for party on reviewing court's own initiative where court deems it appropriate; if reviewing court initiates the sanction, it shall require the party or attorney, or both, to show cause why a sanction should not be imposed before imposing the sanction).

¶ 23    Appeal dismissed; order to show cause entered.

¶ 24    SUPPLEMENTAL OPINION

¶ 25    This court granted defendant's attorney, K.O. Johnson, 30 days to show cause why we should not impose sanctions on him under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994), for his unprofessional conduct before this court. As noted in the opinion, Johnson's briefs make numerous disparaging remarks about opposing counsel and questioned the integrity of the trial court and the competency and integrity of the appellate court. *Supra* ¶¶ 18-20. Johnson had been warned about inappropriate conduct. *In re Marriage of Myers*, No. 2-10-1091 (Mar. 21, 2011) (unpublished order under Illinois Supreme Court Rule 23) (showed "utter disregard *** for appellate procedure," including deadlines).

¶ 26    We are not dealing with a self-represented litigant here but a licensed and experienced attorney who should know what constitutes the limits of proper argument. The statements addressed in the show cause order are not argument but accusations and wild and unsubstantiated accusations at that. To let them pass without admonishment would be perceived as condoning Johnson's accusations and serve to undermine the judiciary's legitimacy, authority, and persuasiveness in the minds of the public and his client. In the words of United States Supreme Court Chief Justice Warren Burger, "[L]awyers who know how to think but have not learned how to behave are a menace and a liability, not an asset, to the administration of justice." Warren E. Burger, *The Necessity for Civility*, 52 F.R.D. 211, 215 (1971).

¶ 27    More than 30 days has elapsed and we have not heard from Johnson**.** His client, however, filed a motion to intervene and asked for leave to file a *pro se* petition for rehearing as Johnson has failed to respond to his request. Having waived his right to respond, by operation of law, we enter sanctions against Johnson. We order that K.O. Johnson (i) pay a fine of $750 to the Clerk of the First Appellate District by May 11, 2018, and (ii) attend a minimum of six hours of civility and professionalism courses by September 30, 2018, which have been approved by the Illinois Supreme Court Commission on Professionalism (www.2civility.org/programs/cle/) or the Minimum Continuing Legal Education Board of the Supreme Court of Illinois (www.mcleboard.org), and file with this court by October 10, 2018, a verification listing for each course, its name, provider, number of hours, and date taken.

¶ 28    A copy of this opinion shall be sent to the Attorney Registration and Disciplinary Commission by the clerk of the court.