2020 IL App (1st) 191223-U

No. 1-19-1223

Order filed May 22, 2020

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| PANGEA VENTURES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 M1 714113 |
| | ) | |
| CIERRA CROSBY, | ) | Honorable |
| | ) | David A. Skryd, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the circuit court lacked jurisdiction to consider defendant's motion to reopen the case filed more than 30 days after entry of the final judgment, we vacate the order denying the motion and dismiss the motion pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994).

¶ 2    Defendant Cierra Crosby appeals *pro se* from the circuit court's order denying her motion to "re-open" a case in which the court granted possession of a certain apartment to plaintiff Pangea Ventures. On appeal, defendant argues that the court erroneously denied her motion because the

order granting possession of the apartment to plaintiff was not supported by evidence. For the following reasons, we vacate the circuit court's order denying defendant's motion and dismiss the motion pursuant to our authority under Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994).

¶ 3　There is no report of the trial court's proceedings in the record on appeal. However, the following facts can be gleaned from the limited record on appeal, which includes the trial court's docket and half-sheets, plaintiff's complaint, several agreed continuance orders, the order for possession and records of the eviction, defendant's motion now at issue, and the circuit court's written order thereon.

¶ 4　On August 25, 2017, plaintiff filed a complaint alleging it was entitled to possession of a certain apartment on State Street in Calumet City, unpaid rent totaling $1409.08, and costs.

¶ 5　In September and October 2017, the trial court entered several agreed orders allowing plaintiff to accept partial payments from defendant without prejudice.

¶ 6　On November 6, 2017, defendant failed to appear in court and the trial court entered an order for possession against her. The order stated that plaintiff was entitled to possession of the apartment and that defendant owed plaintiff $2246.52. Records from the Office of the Sheriff of Cook County show that eviction occurred on January 18, 2018.

¶ 7　On May 30, 2019, defendant filed a *pro se* motion to "re-open" her case. Her motion stated, "I need my case re-open [*sic*] for the payments and a place to become stable," she was "on the Section 8 waitlist," and she was "still looking to make payments in probate or divorce court."

¶ 8　On June 14, 2019, the circuit court entered a written order denying defendant's motion. Defendant filed a notice of appeal that day.

¶ 9    On appeal, defendant argues that the circuit court erred in denying her motion to reopen the case because she did not receive "evidence to support the termination of lease and rental agreement and no refusal of lease renewal has been recovered."

¶ 10    Generally, a circuit court loses jurisdiction to hear a cause after the expiration of the 30-day period following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. Therefore, the appellate court lacks authority to address the merits of a judgment entered by a circuit court without jurisdiction and is "limited to considering the issue of jurisdiction below." *Id.* ¶ 29. When a reviewing court has concluded the circuit court lacked jurisdiction to address the merits of the defendant's motion, it must vacate the circuit court's judgment and dismiss the defendant's motion. *Id.*

¶ 11    In this case, defendant filed her motion to reopen the case more than 18 months after the trial court's entry of an order for possession against her. Thus, her posttrial motion was untimely. See *id.* ¶ 8. Because defendant's posttrial motion was untimely, the circuit court did not have jurisdiction to review it. See *id.* Accordingly, we must vacate the circuit court's order denying the motion and dismiss the motion. See *id.* ¶ 29; Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (the reviewing court may "enter any judgment and make any order that ought to have been given or made").

¶ 12    For the foregoing reasons, we vacate the circuit court's order and dismiss defendant's motion.

¶ 13    Order vacated; motion dismissed.