2023 IL App (1st) 220136-U

No. 1-22-0136

Order filed January 19, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CHARLISE WILLIAMS, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellant, | ) | County. |
| | ) | |
| | ) | |
| v. | ) | No. 19 CH 10896 |
| | ) | |
| THE DEPARTMENT OF FINANCIAL AND | ) | |
| PROFESSIONAL REGULATION and MARIO R. | ) | Honorable |
| TRETO, Acting Director of the Division of Real Estate, | ) | Raymond W. Mitchell and |
| | ) | Pamela Meyerson, Judges, |
| Defendants-Appellees. | ) | presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court's orders granting plaintiff's motion to reinstate administrative review proceedings and affirming the decision of the agency are vacated for lack of jurisdiction.

¶ 2 Plaintiff Charlise Williams appeals *pro se* from the circuit court's order affirming the decisions of the Department of Financial and Professional Regulation (Department) to suspend her license to work as a real estate managing broker for a minimum of three years and to impose a $1500 fine.[1] On appeal, Williams argues that (1) the Department lacked jurisdiction; (2) the Department, an administrative law judge (ALJ), and the circuit court judge committed misconduct; (3) due process violations occurred during the administrative proceedings and before the circuit court; and (4) the suspension of her license subjects her to double jeopardy. Because the circuit court lacked jurisdiction, we vacate its orders that granted Williams's motion to reinstate the administrative review proceedings and affirmed the decisions of the Department. Williams's motion to reinstate is dismissed.

¶ 3 Around 2008, Williams obtained a license to work as a real estate managing broker in Illinois. In June 2016, a federal court found her guilty of five counts of bankruptcy fraud. In May 2017, she was sentenced to 46 months' imprisonment.

¶ 4 In December 2018, the Department filed an administrative complaint against Williams (first complaint). The Department alleged that Williams had submitted an application to renew her license for the period of May 1, 2017, to April 30, 2019, which falsely stated that she had completed continuing education requirements for the period of May 1, 2015, to April 30, 2017. The Department argued that Williams therefore was subject to discipline under certain sections of the

---

[1] Plaintiff Charlise Williams's third amended complaint, the complaint at issue, named as a defendant Mario R. Treto, Acting Director of the Division of Real Estate for the Department of Financial and Professional Regulation. Laurie Murphy has since been appointed Director of the Division of Real Estate.

In all administrative and circuit court proceedings, Williams appeared *pro se*.

Real Estate License Act of 2000 (Act) (see 225 ILCS 454/5-70, 20-20(a)(1), 20-20(a)(40) (West 2018)) and the Illinois Administrative Code.

¶ 5 In April 2019, the Department filed another administrative complaint against Williams (second complaint). The Department alleged that Williams had been convicted of bankruptcy fraud and, therefore, she was subject to discipline under the Act. See 225 ILCS 454/20-20(a)(2) (West 2018).

¶ 6 On July 22, 2019, Williams filed a motion to dismiss both complaints for lack of jurisdiction. She alleged, *inter alia*, that a felony conviction "is not sufficient grounds for revocation of a license," and her license was "already inoperative" when the complaints were filed.

¶ 7 On August 23, 2019, an ALJ denied Williams's motion to dismiss. Williams filed a motion to reconsider, which was denied on September 20, 2019.

¶ 8 That same day, Williams filed a complaint for administrative review in the circuit court. On October 22, 2019, the Department moved to dismiss the complaint. On November 20, 2019, the circuit court granted the Department's motion, noting, in a written order, that the circuit court lacked jurisdiction because no final administrative decision had issued.

¶ 9 The administrative causes proceeded to a hearing before an ALJ on December 19, 2019. The Department introduced a certified copy of the judgment in Williams's bankruptcy fraud case. Williams acknowledged that she did not complete the continuing education requirement, and testified that some other person used her personal information to renew her license without her permission while she was incarcerated in 2017.

¶ 10 On January 29, 2020, the ALJ issued reports and recommendations finding the Department proved the charges by clear and convincing evidence. Regarding the first complaint, the ALJ determined that Williams or someone on her behalf renewed her license and falsely attested that she completed the continuing education requirements. For this charge, the ALJ recommended a $1500 public fine. As for the second complaint, the ALJ concluded that Williams violated the Act due to her conviction for bankruptcy fraud. For that charge, the ALJ recommended Williams's license be suspended for at least three years.

¶ 11 On April 9, 2020, the Board adopted the ALJ's factual findings, conclusions of law, and recommendations as to both complaints. Williams filed motions for rehearing in each matter.

¶ 12 On June 15, 2020, the Department entered separate orders on the two complaints. Regarding the first complaint, the Department denied Williams's motion for rehearing, found that she failed to complete the required continuing education credits for renewing her license, and imposed a $1500 fine. As for the second complaint, the Department denied Williams's motion for rehearing, found that she had been convicted of felony bankruptcy fraud in violation of the Act, and suspended her license for at least three years.

¶ 13 That same day, Williams filed a motion in the circuit court to reinstate her administrative review case and requested time to file an amended complaint. Following a telephone conference on July 7, 2020, the circuit court granted Williams's motion "provided that [she] files an amended complaint within the jurisdictional time to challenge the agency's final decision." On July 13, 2020, Williams filed her first amended complaint. She subsequently filed a second and third amended complaint.

¶ 14 On January 26, 2022, the circuit court entered an order affirming the Department's decisions as to the administrative complaints.

¶ 15 Williams appeals *pro se* from the circuit court's order affirming the fine and suspension of her license, arguing that (1) the Department lacked jurisdiction; (2) the Department, an ALJ, and the circuit court judge committed misconduct; (3) due process violations occurred during administrative proceedings and before the circuit court; and (4) suspending her license based on her convictions for bankruptcy fraud subjects her to double jeopardy. The Department argues that the circuit court's orders of July 7, 2020, and January 26, 2022, were entered without jurisdiction and, therefore, the orders must be vacated and the Department's decisions affirmed.

¶ 16 The circuit court's authority to review the final decisions of an administrative agency is conferred by the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2020). As the Administrative Review Law departs from common law, strict compliance is required for the procedures it establishes. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 179 (2007); see also 735 ILCS 5/3-102 (West 2020) ("Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision.").

¶ 17 Pursuant to the Administrative Review Law, an aggrieved party must file a complaint in the circuit court and cause summons to issue within 35 days from the date the final administrative decision sought to be reviewed was served upon the party. 735 ILCS 5/3-103 (West 2020). An administrative decision is "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which

terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2020).

Thus, a final administrative decision generally requires " 'an adversarial proceeding involving the

parties, a hearing on the controverted facts, and an ultimate disposition rendered by an impartial

fact finder.' " *Fuller v. Department of State Police*, 2019 IL App (1st) 173148, ¶ 16 (quoting

*O'Rourke v. Access Health, Inc.*, 282 Ill. App. 3d 394, 401 (1996)).

¶ 18 If a party prematurely files a complaint for administrative review when no final administrative

decision has issued, the circuit court lacks subject matter jurisdiction. *Shempf v. Chaviano*, 2019

IL App (1st) 173146, ¶ 44. Further, the circuit court generally loses jurisdiction when 30 days have

passed following the entry of a final and appealable order. *People v. Bailey*, 2014 IL 115459, ¶ 14.

Lack of subject matter jurisdiction may not be waived or cured by consent

(*id.*) and can be challenged at any time, including, for the first time, on appeal (*CPM Productions,*

*Inc. v. Mobb Deep, Inc.*, 318 Ill. App. 3d 369, 373 (2000)).

¶ 19 Where the circuit court lacks jurisdiction, this court cannot address a judgment on the merits.

*Bailey*, 2014 IL 115459, ¶ 29. Instead, we are limited to reviewing whether the circuit court had

jurisdiction and must vacate any judgments entered without jurisdiction. *Id.* (noting that, where the

circuit court lacked jurisdiction to consider a motion on the merits, the reviewing court should

vacate the circuit court's judgment and order that the motion be dismissed). Whether the circuit

court had subject matter jurisdiction presents a question of law that we review *de novo*. *Slepicka*

*v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 30.

¶ 20 In this case, the Department filed complaints against Williams in December 2018 and April

2019. In July 2019, Williams moved to dismiss both complaints for lack of jurisdiction. An ALJ

denied Williams's motion in August 2019, and also denied her motion to reconsider in September

2019. Williams then filed a complaint for administrative review in the circuit court. On November 20, 2019, the circuit court granted the Department's motion to dismiss, finding that the circuit court lacked jurisdiction because no final administrative decision had issued. The cause returned to administrative proceedings. Ultimately, on June 15, 2020, the Department entered orders against Williams on each complaint. Williams did not file a new complaint for administrative review. Instead, on June 15, 2020, she filed a motion in the circuit court to reinstate her administrative review case. The circuit court granted the motion on July 7, 2020, and entered an order affirming the Department's decisions as to each complaint on January 26, 2022.

¶ 21 Based on the foregoing, the circuit court lacked jurisdiction to enter the orders underlying this appeal. The circuit court, as noted, dismissed Williams's premature complaint for administrative review on November 20, 2019. The circuit court's jurisdiction to reconsider its judgment divested 30 days later, on December 20, 2019. See *Bailey*, 2014 IL 115459, ¶ 14. Nearly six months later, on June 15, 2020, the Department entered a final decision in the administrative proceedings. That same day, in the circuit court, Williams filed a motion to reinstate her administrative review case. The circuit court's jurisdiction had lapsed on December 20, 2019. The circuit court thus lacked jurisdiction when it granted the motion to reinstate on July 7, 2020, and affirmed the Department's decisions on January 26, 2022. *Id.* Those rulings are, therefore, void and must be vacated. See *id.* ¶ 29.

¶ 22 In so holding, we observe that the Department did not object to the circuit court reinstating the cause. Subject matter jurisdiction, however, cannot be waived or cured by consent (*id.*) and may be challenged for the first time on appeal (*CPM Productions, Inc.*, 318 Ill. App. 3d at 373).

¶ 23 Further, we decline to construe Williams's motion to reinstate as having initiated a new, timely administrative review proceeding. "All final administrative decisions of the Department are subject

to judicial review under the Administrative Review Law and its rules." 225 ILCS 454/2075 (West 2020). The Administrative Review Law, as noted, mandates that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2020); see also *Ultsch*, 226 Ill. 2d at 179 (Administrative Review Law requires strict compliance). Here, in seeking review of the Department's decisions of June 15, 2020, Williams did not strictly comply with the Administrative Review Law by filing a new complaint and causing summons to issue. Rather, she filed an untimely motion to reinstate proceedings for which the circuit court's jurisdiction had long since lapsed.

¶ 24 For the foregoing reasons, we vacate the orders of the circuit court that granted Williams's motion to reinstate her administrative review case on July 7, 2020, and affirmed the Department's decisions on January 26, 2022.  See *Bailey*, 2014 IL 115459, ¶ 29.

¶ 25    Orders vacated.