NOTICE

Decision filed 11/14/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 230056-U

NO. 5-23-0056

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 17-CF-689 |
| | ) | |
| MAURICE BROOKS, | ) | Honorable |
| | ) | Derek J. Girton, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the circuit court lacked jurisdiction to consider the defendant's untimely *pro se* motion for an "adjustment" in his sentence, and any argument to the contrary would lack merit, this court grants the defendant's attorney's motion for leave to withdraw as counsel, vacates the circuit court's order that "denied" the defendant's *pro se* motion, and orders the defendant's *pro se* motion dismissed.

¶ 2    The defendant, Maurice Brooks, appeals from the circuit court's order that "denied" his *pro se* motion for an "adjustment" to his sentence of imprisonment. The defendant filed his motion nearly three years after he, pursuant to a fully negotiated agreement with the State, pleaded guilty to intentional first degree murder and was sentenced to imprisonment for a term of 32 years. The defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, it has filed with this court a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along

1

with a memorandum of law in support thereof. OSAD gave proper notice to the defendant. This court gave him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD must be granted leave to withdraw as counsel. The judgment of the circuit court, which "denied" the defendant's *pro se* motion, must be vacated, and the *pro se* motion itself must be ordered dismissed, for the reasons given below.

¶ 3                                    BACKGROUND

¶ 4                          The Charges and the Plea of Guilty

¶ 5     In 2017, the defendant was charged by information with three counts of first degree murder (intentional, knowing, and strong probability) and one count of unlawful possession of a weapon by a felon. The three murder counts alleged that in October 2017, the defendant had personally discharged a firearm, causing the death of Gerald Taylor. In February 2018, the information was superseded by an indictment, which charged the defendant with those same four offenses.

¶ 6     Proceedings were delayed for approximately one year after the defendant's public defender filed a motion raising a *bona fide* doubt of defendant's fitness to stand trial. The circuit court found the defendant unfit. Eventually, though, the court found that he had been restored to fitness.

¶ 7     On September 9, 2019, the defendant, his public defender, and the prosecutor appeared before the circuit court, and the parties announced that they had reached a plea agreement. The prosecutor moved to amend count I of the indictment, charging intentional first degree murder, by removing the reference to the defendant's personally discharging a firearm. The public defender

2

had no objection to that amendment, and count I was so amended. (This court notes that by removing the reference to personally discharging a firearm, a mandatory 25-years-to-life enhancement was removed from the defendant's prison sentence. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2016).)

¶ 8 The prosecutor then stated the terms of the plea agreement, to which the public defender concurred. The defendant would plead guilty to the amended count I, and he would be sentenced to imprisonment for 32 years, with credit for time served, to be followed by mandatory supervised release (MSR) for 3 years.

¶ 9 The prosecutor recounted the defendant's prior criminal history, including: (1) a six-year prison sentence following a 1993 conviction for manufacture or delivery of a controlled substance; (2) a four-year prison sentence following a 1998 conviction for manufacture or delivery of a controlled substance; (3) a six-year prison sentence following a 2002 conviction for aggravated unlawful use of a weapon; and (4) a six-year prison sentence following a 2012 conviction for unlawful possession of a weapon by a felon. The prosecutor also mentioned that the Cook County circuit court convicted defendant of trespass to land in 2008 and misdemeanor domestic battery in 2010.

¶ 10 The defendant confirmed both the terms of the plea agreement and that he wanted to plead guilty. The court thoroughly admonished the defendant about his rights, etc. See Ill. S. Ct. R. 402 (eff. July 1, 2012). The prosecutor recited a factual basis, *viz.*, that on the parking lot of a public-housing complex in Danville, Illinois, the defendant and Gerald Taylor became embroiled in an argument, and the defendant demanded that Taylor move his car; as Taylor attempted to move his car, the defendant "caused severe bodily injury to the victim, which caused his death." The defendant pleaded guilty to count I, and he signed a written plea of guilty. The court accepted his

3

plea, determining that it was knowing and voluntary, and it determined that there was a sufficient factual basis for the plea. See Ill. S. Ct. R. 402(b), (c) (eff. July 1, 2012). The court entered judgment on the plea on count I of the indictment, and it dismissed the other three courts. The parties waived a presentence investigation report.

¶ 11 In accordance with the plea agreement, the court imposed a sentence of 32 years, with credit for time served, to be followed by 3 years of MSR. A written judgment and sentence was entered on October 4, 2019.

¶ 12 Finally, the circuit court informed the defendant that he had a right to appeal, and it thoroughly admonished him about his appeal rights. See Ill. S. Ct. R. 605(c) (eff. Aug. 1, 1992). The court's admonishments included the following: "Prior to taking an appeal, you must file in the trial court within 30 days of the date on which sentence is imposed a written motion asking to have the judgment vacated and for leave to withdraw your plea, setting forth the grounds for the motion." See Ill. S. Ct. R. 605(c)(2) (eff. Aug. 1, 1992). The defendant indicated that he understood his appeal rights.

¶ 13 The defendant did not file a motion to withdraw his plea of guilty. There was no appeal from the judgment of conviction.

¶ 14 The Defendant's Motion: The Subject of the Instant Appeal

¶ 15 On August 23, 2022—that is, almost three years after the final judgment was entered in this case—the defendant filed a *pro se* "Defendant's Request / Motion for the People and this Court to Consider a Possible Adjustment to Defendant's Sentence Due to Recent Changes in Illinois Law." In his *pro se* motion, the defendant quoted from the transcript of his guilty-plea hearing, where the circuit court inquired about the defendant's prior convictions, and the prosecutor listed those convictions, including "a 2002 agg-uuw" for which the defendant was sentenced to "six

years Cook County." The defendant then cited the decision in *People v. Aguilar*, 2013 IL 112116, wherein our supreme court held, *inter alia*, that "the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d)" of the aggravated unlawful use of weapons (AUUW) statute violates the second amendment right to keep and bear arms (U.S. Const., amend. II). *Aguilar*, 2013 IL 112116, ¶ 22. Reflecting *Aguilar*, the Cook County circuit court had recently "vacated" his 2002 AUUW conviction and issued an order granting him "[a] certificate of innocence" in regard to that AUUW. The defendant emphasized that "the filing of this request / motion does not in any way present a challenge to his plea of guilty, but merely brings to the attention of the people and the court that his 2002 conviction for AUUW has recently been vacated due to changes in Illinois law." The defendant argued that "there is a strong assumption" that the State, as it formulated a plea offer in his case, considered the defendant's criminal history, including his since-vacated AUUW conviction. Finally, the defendant asked the prosecutor and the circuit court to "consider a possible adjustment to defendant's current sentence due to recent changes in Illinois law and/or facts the People may have considered and applied in determining a possible sentence in regards to defendant's plea agreement."

¶ 16    Attached to the defendant's *pro se* motion was a copy of an order entered by the circuit court of Cook County, and signed by a judge on July 11, 2022. In that order, it was stated that the defendant's conviction in Cook County case No. 02-CR-29816 had been reversed, and that the defendant's acts charged in that case did not constitute a crime under Illinois law.

¶ 17    On November 4, 2022, the circuit court of Vermilion County "denied" the defendant's motion for an adjustment in his sentence. In a docket-entry order, the court stated that the defendant "cites no legal authority or alleges no facts" that would allow the court to adjust his sentence.

¶ 18   The defendant filed a motion to reconsider the denial, which the circuit court also denied. The defendant then filed a notice of appeal. OSAD was appointed to represent him.

¶ 19                                          ANALYSIS

¶ 20   Approximately three years after the final judgment was entered in this case, the defendant filed a *pro se* motion for an "adjustment" in his negotiated 32-year prison term, and the circuit court entered an order that "denied" the motion. The defendant now appeals. As previously noted, his appointed attorney, OSAD, has concluded that the appeal lacks merit, and on that basis, it has filed a *Finley* motion to withdraw as counsel. This court concludes that the circuit court lacked jurisdiction to decide the defendant's *pro se* motion. Accordingly, this court cannot consider the merits of the appeal. This court must grant OSAD's motion, vacate the circuit court's judgment, and dismiss the defendant's *pro se* motion.

¶ 21   Here, the defendant fully negotiated a plea agreement with the State. At a plea-and-sentencing hearing, held on September 9, 2019, the State moved to amend the intentional first degree murder count against the defendant (so as to remove the language that would have mandated a huge enhancement to the defendant's sentence), and the defendant knowingly and voluntarily pleaded guilty to that amended count. The circuit court, in accordance with the parties' agreement, dismissed the three other counts against the defendant and imposed a 32-year prison sentence for murder. Finally, at the end of the plea-and-sentencing hearing, the court admonished the defendant under Illinois Supreme Court Rule 605(c) (eff. Aug. 1, 1992). Admonishment under Rule 605(c) was appropriate, given that judgment was entered upon a negotiated plea.

¶ 22   Where a case involves a negotiated plea, Rule 605(c) requires the court, at the time it imposes sentence, to advise the defendant "substantially" as follows: (1) that he has a right to appeal; (2) that prior to taking an appeal, he must file, within 30 days of sentencing, a written

6

motion to have the judgment vacated and for leave to withdraw his guilty plea, setting forth the grounds for the motion; (3) that if the motion is allowed, the judgment will be vacated, and a trial will be scheduled on the charge(s) to which he pleaded guilty; (4) that upon the State's request, any charges that were dismissed as part of the plea agreement will be reinstated and also set for trial; (5) that if the defendant is indigent, he will be given a copy of the guilty-plea hearing at no cost to him, and counsel will be appointed to assist with the preparation of the motions; and (6) that in any appeal taken from the judgment on the plea of guilty, any issue that is not raised in the motion to withdraw plea is considered waived. Ill. S. Ct. R. 605(c) (eff. Aug. 1, 1992).

¶ 23    In the instant case, the circuit court exceeded the requirements of Rule 605(c), thoroughly advising the defendant of his appeal rights by giving a nearly verbatim recitation of the rule. The defendant indicated his understanding of those admonishments. (The defendant has not alleged that the admonishments he received were, in any way, inadequate.)

¶ 24    Contrary to the rule, and to the court's admonishments, the defendant did not file, within 30 days of sentencing, a motion to withdraw his plea. Instead, he irregularly filed—almost three years after sentencing—a *pro se* "Defendant's Request / Motion for the People and this Court to Consider a Possible Adjustment to Defendant's Sentence Due to Recent Changes in Illinois Law." Without commenting on the nature or the content of the defendant's *pro se* motion, this court notes that it was filed (far) beyond Rule 605(c)'s 30-day deadline for the filing of a motion to withdraw plea. The motion thus was untimely, and the circuit court lacked jurisdiction to consider it.

¶ 25    "Generally, a circuit court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment." *People ex rel. Alvarez v. Skyrd*, 241 Ill. 2d 34, 40 (2011). Furthermore, the parties in this case did not do anything that served to revest the court with jurisdiction to hear the merits of the defendant's motion. See *People v. Bailey*, 2014 IL 115459, ¶ 25 (how the parties

7

may revest a court with jurisdiction). This court's review is limited to considering the issue of jurisdiction below. *Id.* ¶ 29. In other words, this court considers the lateness of the defendant's *pro se* motion, and the effect of that lateness on the circuit court's jurisdiction, and not the merits of the appeal.

¶ 26    The final judgment in a criminal case is the oral pronouncement of the sentence. See *People v. Allen*, 71 Ill. 2d 378, 381 (1978). After his sentence was pronounced on September 9, 2019, the defendant had 30 days in which to file a motion to vacate judgment and withdraw the plea. See also Ill. S. Ct. R. 604(d) (eff. July 1, 2017). He failed to do so, and consequently the circuit court lost jurisdiction. In the November 4, 2022, docket-entry order disposing of the defendant's motion for an "adjustment" in his sentence, the circuit court did not explicitly acknowledge that it had lost jurisdiction over the case. Moreover, the circuit court's order "denied" the motion; it did not simply dismiss the motion. Because the circuit court lacked jurisdiction, its ruling on the merits of the motion was void. See *People v. Davis*, 156 Ill. 2d 149, 155 (1993). Therefore, the circuit court's judgment should be vacated, and this court should order that the defendant's *pro se* motion should be dismissed. *Bailey*, 2014 IL 115459, ¶ 29 (where the trial court lacked jurisdiction over a defendant's untimely motion, the appellate court "need not dismiss the appeal" but should vacate the circuit court's judgment and order that the defendant's motion be dismissed).

¶ 27                                 CONCLUSION

¶ 28    For the foregoing reasons, this court grants OSAD's *Finley* motion to withdraw as counsel due to the meritlessness of this appeal. This court also vacates the judgment of the circuit court and, pursuant to Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), orders that the defendant's *pro se* motion for an "adjustment" in his sentence is dismissed.

8

¶ 29    OSAD's motion granted; judgment vacated; defendant's *pro se* motion dismissed.