2022 IL App (1st) 210348-U

No. 1-21-0348

Order filed November 15, 2022

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JAMES WHITMORE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M1 116319 |
| | ) | |
| JOY AUTO TIRE REPAIR and WILL TURNER, | ) | Honorable |
| | ) | Robert F. Harris, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Ellis and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where plaintiff's successive postjudgment motion did not toll the time for filing a notice of appeal, the trial court lacked jurisdiction to rule upon the motion. The trial court's order denying the motion is therefore vacated and the motion is dismissed.

¶ 2    Plaintiff James Whitmore appeals *pro se* from the trial court's order that denied his successive motion to reconsider the court's decision to vacate an *ex parte* default judgment in his favor and, following trial, award him lesser damages. On appeal, plaintiff argues that the court erred because his damages exceeded the award and the court had no authority to vacate the default

judgment. For the following reasons, we vacate the order denying the successive postjudgment motion and order that the motion be dismissed.

¶ 3       The record on appeal lacks a report of proceedings. The following facts are adduced from the common law record, which includes plaintiff's *pro se* complaint, motions, and the trial court's docket entries and orders.

¶ 4       On August 21, 2020, plaintiff filed a *pro se* complaint for "consumer fraud and robbery" against defendants Joy Auto Tire Repair and Will Turner.[1] Plaintiff alleged that on July 15, 2020, he paid defendants $540 to fix his vehicle. Turner accepted plaintiff's money but "refused" to fix his vehicle.

¶ 5       On November 23, 2020, the court entered a form order granting plaintiff a default judgment of $2540.

¶ 6       On November 24, 2020, an individual named Michael Turner filed a *pro se* motion to "vacate judgment," containing no argument. The notice of motion stated that it would be heard on December 9, 2020.

¶ 7       On December 9, 2020, the court entered a form order granting "motion [defendant] to vacate 11/24/20 ex parte judgment." The order further stated that, "after trial," a new judgment for $320 was entered in favor of plaintiff and against Joy Auto Tire Repair.

¶ 8       Also on December 9, 2020, plaintiff filed a *pro se* motion to vacate judgment, arguing that defendants stole $540, set his vehicle on fire, and lied in court. The notice of motion stated it would be heard on December 24, 2020.

---

[1] The record does not contain appearances for Joy Auto Tire Repair or Will Turner. Throughout the record, the parties and the court use variations of the names Joy Auto Tire Repair and Joy Inc. Auto & Tire Repair. We adopt the styling from plaintiff's notice of appeal.

¶ 9    On December 24, 2020, the court entered a form order noting that plaintiff was present in court, and denying "[p]laintiff's motion to reconsider *** for the reasons stated in court."

¶ 10    On January 19, 2021, plaintiff filed a motion to "remove" his case from the courtroom of the trial judge and "vacate" the judgment, arguing that he did not receive a fair trial where the judge prejudged the case. Plaintiff repeated his allegations that defendants robbed him of $540 rather than fix his vehicle, set fire to his vehicle, and committed perjury.

¶ 11    On February 3, 2021, the court denied plaintiff's motion in a form order. The order noted that plaintiff and "Defendant[s]" were present in court, and that plaintiff had "filed a motion to remove" the trial judge after the judge "denied the [p]laintiff's December 24, 2020 motion to reconsider."[2]

¶ 12    On February 8, 2021, plaintiff filed a notice of appeal.

¶ 13    On August 18, 2022, this court entered an order taking the case on plaintiff's *pro se* brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14    On appeal, plaintiff contends that the trial court "removed the default judgment without properly looking at" his argument that defendants "didn't show cause on why the judge should remove the default." Plaintiff argues that the court erred by vacating the initial default judgment and ultimately awarding him $320 without court costs or fees.

¶ 15    At the outset, plaintiff's brief on appeal fails to comply with several of the supreme court rules governing appellate briefs. Among other deficiencies, his brief omits a statement of jurisdiction; a statement of the facts necessary to understanding the case, stated accurately and

---

[2] The record does not contain a copy of a motion to reconsider filed on December 24, 2020. We presume the court referred to plaintiff's motion to vacate the December 24, 2020, denial of his motion to vacate.

fairly without argument or comment; or an appendix containing a table of contents and materials from the record pertinent to the appeal. See Ill. S. Ct. R. 341(h)(4), (6), (9) (eff. Oct. 1, 2020); R. 342 (eff. Oct. 1, 2019). Plaintiff also attaches documents to his brief which do not appear in the record on appeal and, therefore, cannot be considered here. See *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 499 (2006).

¶ 16    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). A party's status as a *pro se* litigant does not relieve his obligation to comply with appellate practice rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. The supreme court rules are not suggestions, and we may "strike a brief and dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 17    Notwithstanding the deficiencies in plaintiff's brief, the record establishes that the trial court lacked jurisdiction to enter the February 3, 2021, order that denied plaintiff's January 19, 2021, motion to "remove" his case from the courtroom of the trial judge and "vacate" the judgment. This court therefore lacks authority to consider the merits of his appeal from that judgment. See *People v. Bailey*, 2014 IL 115459, ¶ 29 (where the trial court lacks jurisdiction, the reviewing court "has no authority to address the substantive merits of a judgment" and instead, "is limited to considering the issue of jurisdiction below"); accord *Schaffer v. Greenview Home Builders and Cabinetry Designers, Inc.* 2020 IL App (2d) 190230, ¶ 39.

¶ 18    Under Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a)(1) (eff. July 1, 2017), a notice of appeal from a final judgment in a civil case must be filed within 30 days after the entry

of the final judgment appealed from or entry of a ruling on a timely postjudgment motion. In cases tried without a jury, a postjudgment motion must be filed within 30 days after the entry of judgment. 735 ILCS 5/2-1203(a) (West 2020). "A party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable." Ill. S. Ct. R. 274 (eff. July 1, 2019). "Successive postjudgment motions do not toll the time for filing a notice of appeal." *Parker v. Liberty Underwriters, Inc.*, 2022 IL App (1st) 200812, ¶ 25.

¶ 19 Here, on December 9, 2020, the trial court vacated the November 23, 2020, default judgment and entered judgment in favor of plaintiff, albeit awarding him less than he requested in his complaint. Plaintiff then had 30 days to file a notice of appeal or postjudgment motion directed at the judgment order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); 735 ILCS 5/2-1203(a) (West 2020). He filed a timely motion to vacate the judgment the same day, on December 9, 2020.

¶ 20 On December 24, 2020, the trial court denied plaintiff's "motion to reconsider," rendering the December 9, 2020, judgment final and appealable. See, *e.g.*, *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 20. Plaintiff then had until January 25, 2021, to file a notice of appeal.[3] See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). He did not do so. Instead, plaintiff filed a motion to "remove" his case and "vacate" the judgment on January 19, 2021, which the circuit court denied on February 3, 2021.

¶ 21 Plaintiff's January 19, 2021, motion was a successive postjudgment motion. As noted, "[a] party may make only one postjudgment motion directed at a judgment order that is otherwise final

---

[3] The thirtieth day from December 24, 2020, was Saturday, January 23, 2021. The notice of appeal was, therefore, due on Monday, January 25, 2021. See 5 ILCS 70/1.11 (West 2020) (weekends and holidays are excluded as the last day from the computation of any time requirement fixed by a statute in force in Illinois).

and appealable." Ill. S. Ct. R. 274 (eff. July 1, 2019). A successive postjudgment motion that is filed, as here, more than 30 days after the final judgment but within 30 days of the *denial* of the first postjudgment motion is untimely. *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981). Trial courts have no jurisdiction to hear such successive postjudgment motions. See *Old Second National Bank*, 2022 IL App (1st) 192091, ¶ 21 (finding the circuit court "had no jurisdiction to consider" a "successive postjudgment motion to reconsider because it no longer had jurisdiction to modify the final judgment"). The circuit court therefore had no jurisdiction to consider plaintiff's January 19, 2021, motion, and its February 3, 2021, order denying the motion is void. See *Bailey*, 2014 IL 115459, ¶ 28 (where trial court lacked jurisdiction, its ruling on the merits of a motion was void).

¶ 22    Recently, our supreme court instructed that where the trial court had no jurisdiction to enter a judgment, this court should not dismiss the appeal as doing so would leave intact the trial court's ruling despite its lack of jurisdiction. *Id.* ("dismissing an appeal effectively leaves the lower court's ruling on the merits undisturbed and intact," which is "not the appropriate outcome" if the trial court lacked jurisdiction). Rather, we should vacate the void judgment and order the improper motion be dismissed. *Id.* ¶ 29. So, in order that the trial court's void judgment is not left intact here, we must vacate the judgment of February 3, 2021, and order that plaintiff's successive postjudgment motion of January 19, 2021, be dismissed. *Id.*

¶ 23    For the foregoing reasons, we vacate the trial court's February 3, 2021, order and order that plaintiff's successive postjudgment motion of January 19, 2021, be dismissed.

¶ 24    Order vacated; motion dismissed.