2024 IL App (1st) 230124-U

No. 1-23-0124

Order filed February 16, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| COLONY COUNTRY ON WIMBOLTON CONDOMINIUM ASSOCIATION, | ) ) ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of |
| v. | ) ) | Cook County. |
| DELORES PORTER and ALL UNKNOWN OCCUPANTS, | ) ) ) | No. 22 M3 002603 |
| Defendants | ) ) ) | Honorable James P. Pieczonka, Judge, presiding. |
| (Delores Porter, | ) ) | |
| Defendant-Appellant). | ) ) | |

JUSTICE LYLE delivered the judgment of the court.
Justices Mikva and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where defendant filed four untimely postjudgment motions, we vacate the circuit court's orders ruling on the postjudgment motions and order that the motions be dismissed.

¶ 2    Defendant Delores Porter appeals *pro se* from an eviction order entered by the circuit court, as well as orders denying her postjudgment motions. Due to the untimeliness of Ms. Porter's postjudgment motions, we vacate the circuit court's orders ruling on the merits of the postjudgment motions and order that the motions be dismissed.

¶ 3    The following background is derived from the limited record on appeal, which consists solely of the common law record. No reports of proceedings are included in the record.

¶ 4    On May 9, 2022, plaintiff, Colony Country on Wimbolton Condominium Association (Colony Country), filed a complaint against Ms. Porter and all unknown occupants of a condominium unit in Mount Prospect, Illinois, for possession of the unit and a judgment for unpaid assessments. Colony Country alleged, *inter alia*, that Ms. Porter, who was the owner of the unit, had failed to pay condominium assessments for nine months and, therefore, that it was entitled to possession of the condominium, unpaid assessments and other expenses, court costs, and attorney fees.

¶ 5    On August 18, 2022, Ms. Porter filed a *pro se* pleading titled "Request Motion to Dismiss," alleging that the "plaintiffs" had no legal basis for any claim against her. Ms. Porter alleged that she was the legally appointed president of the condominium association, that certain homeowners had illegally taken control of the condominium board, that she had "incurred a debt of arrearage in assessments due to plaintiffs' illegal actions," and that, therefore, the "plaintiffs" were legally liable for her assessment costs.

¶ 6    On August 25, 2022, the circuit court entered a written eviction order "after contested hearing or trial." As noted above, no transcript of the proceedings is included in the record on appeal. In the written order, the circuit court granted possession of the condominium unit to Colony Country; indicated that Ms. Porter and all unknown occupants were required to move out of the property by October 24, 2022; authorized the sheriff to evict Ms. Porter and all unknown occupants if the property was not vacated by that date; and found that Ms. Porter owed Colony Country a total of $7,133.94 in assessments, court costs, and attorney fees.

¶ 7    On October 21, 2022, 58 days after the circuit court's eviction order, Ms. Porter filed three *pro se* postjudgment motions. In the first, titled "Motion for: Reconsideration and Emergency Motion to Stay Eviction," she alleged that she had requested a jury trial, which was not granted, and that a person who was not on the condominium association board falsely "became the plaintiff" and testified in court. In the second, titled "Petition for Reconsideration for Motion to Dismiss," she asserted that the "plaintiffs" had no authority to evict her, to demand possession of the property, or to enforce any contract on behalf of Colony Country, and that they were legally liable for her debt because it had accrued due to their illegal actions. Finally, in the third motion, titled "Request Emergency Motion to Stay Eviction," she essentially repeated the allegations of her other postjudgment motions.

¶ 8    On November 3, 2022, the circuit court entered a written order denying all three of Ms. Porter's *pro se* postjudgment motions. The order indicated that the court had heard the arguments of both parties and was fully advised in the premises.

¶ 9    On November 28, 2022, Ms. Porter filed a *pro se* "Motion for: Stay Eviction," asserting that the person who initiated her eviction was not a legitimate plaintiff.

¶ 10    On December 15, 2022, the circuit court entered a written agreed order, denying Ms. Porter's *pro se* "Motion for: Stay Eviction," and indicating that Colony Country had agreed not to place the eviction order until January 31, 2023.

¶ 11    On January 6, 2023, Ms. Porter filed a *pro se* notice of appeal, listing the dates of the judgments being appealed as August 25, 2022, November 3, 2022, and December 15, 2022.

¶ 12    As a threshold matter, we address Colony Country's motion to dismiss the appeal, which we have taken with the case. See *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12 (the appellate court has an obligation to consider its jurisdiction and to dismiss an appeal when jurisdiction is lacking). Colony Country argues, *inter alia*, that the circuit court lacked jurisdiction to hear any of Ms. Porter's postjudgment motions because they were untimely, that her notice of appeal from the eviction order was also untimely, and that, therefore, jurisdiction did not vest in this court.

¶ 13    Resolving the issue of jurisdiction in this case requires consideration of Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), section 2-1203(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203(a) (West 2022)), and Illinois Supreme Court Rule 274 (eff. July 1, 2019).

¶ 14    Rule 301 provides that every "final judgment" in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Our supreme court has defined a final judgment as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit" (*Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005)) and as an order that "resolve[s] every right, liability or matter raised" (*Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458,

465 (1990)). This court has held that an order for eviction is a final and appealable judgment. See *Royalty Farms, LLC v. Forest Preserve District of Cook County*, 2017 IL App (1st) 161409, ¶ 22.

¶ 15 Where, as here, a civil case is decided without a jury, section 2-1203(a) of the Code provides that a party may file a postjudgment motion "within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof." 735 ILCS 5/2-1203(a) (West 2022). Rule 274 provides that a party may make only one postjudgment motion directed at a judgment order that is final and appealable. Ill. S. Ct. R. 274 (eff. July 1, 2019).

¶ 16 Generally, a circuit court loses jurisdiction to hear a cause at the expiration of the 30-day period following the entry of a final judgment. *Eighner v. Tiernan*, 2021 IL 126101, ¶ 24 (citing *People v. Bailey*, 2014 IL 115459, ¶ 8). A circuit court lacks jurisdiction to rule upon an untimely postjudgment motion. *Keener v. City of Herrin*, 235 Ill. 2d 338, 350 (2009). In addition, a circuit court lacks jurisdiction to hear successive postjudgment motions. Ill. S. Ct. R. 274 (eff. July 1, 2019); *Old Second National Bank, N.A. v. Karolewicz*, 2022 IL App (1st) 192091, ¶ 21.

¶ 17 If a circuit court lacks jurisdiction to enter a judgment, then this court lacks authority to address the merits of that judgment and our jurisdiction is "limited to considering the issue of jurisdiction below." *Bailey*, 2014 IL 115459, ¶ 29. If we conclude that the circuit court lacked jurisdiction to address the merits of a motion, we must vacate the circuit court's judgment and dismiss the motion. *Id.*

¶ 18 Here, the circuit court entered its final and appealable eviction order on August 25, 2022. Thus, the 30-day time frame for Ms. Porter to file a timely postjudgment motion expired on Monday, September 26, 2022. See 5 ILCS 70/1.11 (West 2022) (weekends and holidays are

excluded as the last day from the computation of any time requirement fixed by a statute in force in Illinois). Ms. Porter's postjudgment motions, which she filed on October 21, 2022, and November 28, 2022, were not only untimely, as they were filed more than 30 days after the entry of the final judgment, but three of the motions were also improper successive postjudgment motions. Therefore, the circuit court lacked jurisdiction to consider all four motions. *Keener*, 235 Ill. 2d at 350; *Old Second National Bank*, 2022 IL App (1st) 192091, ¶ 21.

¶ 19    Where the circuit court lacked jurisdiction to review Ms. Porter's postjudgment motions, its rulings on the merits of those motions were void. *Bailey*, 2014 IL 115459, ¶ 28; see also *Whitmore v. Joy Auto Tire Repair*, 2022 IL App (1st) 210348-U, ¶ 21 (circuit court order denying successive postjudgment motion was void); Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023) (nonprecedential Appellate Court orders entered on or after January 1, 2021, may be cited for persuasive purposes).

¶ 20    Accordingly, we vacate the circuit court's orders denying the four postjudgment motions and order the motions be dismissed. See *Bailey*, 2014 IL 115459, ¶¶ 28-29 (rather than dismiss an appeal where the trial court lacked jurisdiction to address the merits of a motion, the appellate court should vacate the trial court's judgment and order that the motion be dismissed in order to "correct any action that exceeded the trial court's jurisdiction"); Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (the reviewing court may "enter any judgment and make any order that ought to have been given or made").

¶ 21    We therefore deny Colony Country's motion to dismiss the appeal, as jurisdiction exists in this court to consider the issue of jurisdiction below. See *Bailey*, 2014 IL 115459, ¶ 29.

¶ 22　　For the reasons explained above, we vacate the circuit court's orders, dismiss Ms. Porter's postjudgment motions, and deny Colony Country's motion to dismiss the appeal.

¶ 23　　Motion to dismiss appeal denied.

¶ 24　　Circuit court orders vacated.

¶ 25　　Postjudgment motions dismissed.