THIRD DIVISION

FILED:11/06/02

No.  1-01-3834

JOSEPH HOLWELL, a Minor, By and ) Appeal from the

Through His Mother and Next Friend, ) Circuit Court of

DIANE HOLWELL, ) Cook County

)

Plaintiff, )

)

v. )

)

ZENITH ELECTRONICS CORPORATION, )

)

Defendant )

)

(Estate of Joseph Holwell, a Minor, ) 

Appellee; John Petrulis, Petitioner; ) Honorable

and Susan E. Loggans & Associates, P.C.,) Paddy H. McNamara,

Respondent-Appellant). ) Judge Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

Upon the settlement of this case, the circuit court of Cook County entered an order which provided, in part, that attorney fees in the sum of $500,000 were to be paid to the law firm of Susan E. Loggans & Associates, P.C. (hereinafter referred to as the Loggans Firm).  In a subsequent order, the circuit court directed that one-third of the fees previously awarded to the Loggans Firm be paid to the Estate of Joseph Holwell, a minor.  After its motion to reconsider was denied, the Loggans Firm instituted the instant appeal.

     The facts giving rise to this appeal are not in dispute.  On December 28, 1988, a fire broke out in the home of Diane Holwell which seriously injured her minor son, Joseph Holwell.  On January 22, 1989,  Diane Holwell executed a retainer agreement, engaging John B. Petrulis, who at that time was licensed to practice law in Illinois, to represent her and her minor son in the prosecution of any claims they might have against Zenith Electronics Corporation (Zenith) and others for damages resulting from the fire.  Pursuant to the terms of the retainer agreement, Holwell agreed to pay a contingency fee equal to one-third of any sums recovered.  The retainer agreement also provided that the Loggans Firm would participate in representing Holwell and her son without additional fee and that Petrulis and the Loggans Firm would divide any fee earned.  In a letter dated February 23, 1989, the Loggans Firm acknowledged that Petrulis would receive "one-third of the gross fee to be realized in this matter".

     On February 17, 1989, the Loggans Firm filed an action in the circuit court of Cook County against Zenith on behalf of Holwell in her capacity as mother and next friend of Joseph Holwell, a minor (hereinafter referred to as the plaintiff).  This action was docketed in the circuit court as case number 89 L 2143.  The Loggans Firm represented the plaintiff for the next six and one-half years.  During the course of a pretrial conference in June 1995, Zenith offered to settle the action for $1.5 million.  Although the Loggans Firm recommended to the plaintiff that she accept Zenith's settlement offer, the plaintiff rejected the offer on the advice of Petrulis.  Shortly thereafter, she discharged the Loggans Firm.

After the plaintiff discharged the Loggans Firm, Petrulis referred her to the law firm of Hofeld and Schaffner (hereinafter referred to as the Hofeld Firm).  The referral agreement between Petrulis and the Hofeld Firm provided that Petrulis would receive one-third of the fee earned.  On August 10, 1995, the trial court granted the Hofeld Firm leave to file its appearance on behalf of the plaintiff.

On January 7, 1997, the trial court granted the plaintiff's motion pursuant to section 2-1009 of the Code of Civil Procedure (735 ILCS 5/2-1009 (West 1996)), thereby allowing her to voluntarily dismiss the case docketed as number 89 L 2143.  Subsequently, on January 5, 1998, the plaintiff, represented by the Hofeld Firm, filed the instant action against Zenith, which was docketed as case number 98 L 79 in the circuit court of Cook County.

On June 30, 2000, the Illinois Supreme Court suspended Petrulis from the practice of law for a period of three years.

In early December 2000, the plaintiff agreed to settle her son's claim against Zenith for $5 million, consisting of a cash payment of $3,326,188 and a guaranteed annuity with a cash value of $1,673,812.  In a December 5, 2000, letter to the Hofeld Firm, the Loggans Firm claimed entitlement to "a fee in the amount of $500,000, one third of the original settlement offer of $1,500,000."  On December 6, 2000, the plaintiff filed a petition seeking an order approving the settlement of her son's claim against Zenith.  In that petition, the plaintiff asserted that the only distributions to be made for attorney's fees from the settlement proceeds were a $1,166,666.66 distribution to the Hofeld Firm and a $500,000 distribution to the Loggans Firm.

On December 14, 2000, the circuit court of Cook County entered an order approving the settlement reached by the plaintiff and Zenith and authorizing the plaintiff to execute releases to effectuate that settlement.  In that same order, the circuit court found that legal fees in the amount of $1,666,666.66 were "fair and reasonable" and approved the distribution of those legal fees as  follows: $1,166,666.66 to the Hofeld Firm and $500,000 to the Loggans Firm.  Although the December 14, 2000, order stated that the action was dismissed "with prejudice," the order also provided that it would be "effective only after the entry in the probate division or circuit court of an order approving the bond or other security required to administer the settlement and distribution".

Following the entry of the December 14, 2000, order in the instant case, Diane Holwell filed a petition in the circuit court of Will County, the county in which Joseph Holwell was a resident, seeking the appointment of a guardian for the minor.  In her petition, Holwell also sought the entry of an order authorizing the settlement of her son's action against Zenith and the distribution of the settlement proceeds.  On February 9, 2001, the circuit court of Will County entered an order appointing Diane Holwell and the Harris Trust and Savings Bank as co-guardians of the Estate of Joseph Holwell (hereinafter referred to as the Estate) and waiving any requirement for a bond.  That same day, the circuit court of Will County also entered an order approving the settlement of Joseph Holwell's claim against Zenith on the terms set forth in the circuit court of Cook County's December 14, 2000, order.  The Will County order also directed certain distributions from the settlement proceeds, including the payment of $500,000 to the Loggans Firm for legal fees and the payment of $1,334,079.83 to the Hofeld Firm for legal fees and costs.  The circuit court of Will County was not asked to and did not approve the payment of any attorney's fees to Petrulis on that date.

On February 23, 2001, the Hofeld Firm forwarded to the Loggans Firm a $500,000 check issued by Zenith and made payable to the Loggans Firm and Petrulis.  The letter accompanying the check states that, pursuant to its referral agreement with Petrulis, the Hofeld Firm paid him one-third of the fee awarded to it.  Subsequently, the Loggans Firm unsuccessfully attempted to cause the issuance of a $500,000 check payable solely to itself.  Zenith did, however, issue a check in the sum of $333,333.33, payable solely to the Loggans Firm, and place the remaining $166,666.67 in an account with Virginia Surety Company.

On April 25, 2001, the Loggans Firm filed a motion in the circuit court of Cook County, asserting that it had not been paid the entire amount of fees which had been awarded to it and requesting an order directing Zenith to pay it the remaining $166,666.67.  On May 14, 2001, Petrulis filed a petition in the circuit court of Cook County requesting that he be awarded the sum of $166,666.67 from the $500,000 fee awarded to the Loggans Firm for legal services he rendered to the plaintiff prior to his suspension.  Petrulis amended his petition for fees twice before it came on for hearing on August 9, 2001.

Petrulis and Diane Holwell were the only witnesses at the evidentiary hearing on Petrulis' second amended petition for fees.  Petrulis testified as to the time that he allegedly spent representing the plaintiff in her original and refiled actions.  He acknowledged that he had filed a petition in the circuit court of Will County seeking a portion of the fees which had been awarded to the Hofeld Firm and that the circuit court of Will County granted that petition on July 11, 2001, awarding him $388,088.88 in fees.
(footnote: 1)  Petrulis further acknowledged that, although he was requesting fees on the basis of 
quantum
 
meruit
, the fees that he sought in the circuit court of Will County and those he was seeking in the circuit court of Cook County equaled one-third of the fees awarded to the Hofeld Firm and the Loggans Firm, respectively.  For her part, Holwell testified in general terms to Petrulis' involvement in the litigation and stated that she had no objection to him being awarded the fees he was seeking.

In a written order entered on September 14, 2001, the circuit court of Cook County denied Petrulis' petition for fees, finding that Petrulis had been "vastly overcompensated" for his work on the instant case as a result of the fees that the circuit court of Will County had awarded to him.  The trial court also found that the petitions Petrulis filed in the circuit court of Cook County were "unquestionably over-inflated" and inconsistent and that a comparison of those petitions with the petition Petrulis filed in the circuit court of Will County revealed that he "padded his time in the Will County petition."  Although the trial court found that Petrulis was not entitled to any addi­tional fees, it went on to hold that there was "no reason to provide Susan E. Loggans & Associates with the remaining $166,666.67 given that these fees were never part of the contract that Loggans had with *** Diane Holwell."  The court ordered that the funds in the custody of Virginia Surety Company be paid to the Estate.

On September 20, 2001, the Loggans Firm filed a motion, requesting that the trial court reconsider that portion of its September 14, 2001, order which directed that $166,666.67 of the fees that had previously been awarded to it be paid to the Estate.  The trial court denied the motion on October 4, 2001.

On October 12, 2001, Petrulis filed a notice of appeal from the trial court's September 14, 2001, order.  That appeal was docketed in this court as number 1-01-3694.  However, Petrulis' appeal was dismissed for want of prosecution on May 25, 2002, and was never reinstated.

On October 17, 2001, the Loggans Firm filed the instant appeal from the trial court's September 14, 2001, order directing that the funds in the custody of the Virginia Surety Company be paid to the Estate, and October 4, 2001, order denying its motion to reconsider.

In their original briefs before this court, the Loggans Firm and the Estate focused their arguments on the question of whether the trial court abused its discretion in ordering that one-third of the attorney's fee previously awarded to the Loggans Firm be paid to the Estate.  We ordered the parties to prepare supplemental briefs addressing the issue of whether the circuit court of Cook County had jurisdiction to entertain either the Loggans Firm's motion for an order directing Zenith to pay it the  remaining $166,666.67 in fees or Petrulis' petition for fees,

We turn first to the question of whether the circuit court of Cook County possessed the necessary jurisdiction to entertain Petrulis' petition for fees.  In its supplemental brief, the Loggans Firm argues that no such jurisdiction existed as Petrulis' petition was filed more than 30 days after the entry of a final judgment terminating this action.  The Estate seems to argue generally that the circuit court is vested with jurisdiction to resolve issues relating to the fees to which a suspended attorney is entitled  (see 
Delbecarro v. Cirignani
, 261 Ill. App. 3d 644, 633 N.E. 2d 981 (1994)).  It fails, however, to address the question of whether, on the date Petrulis filed his petition for fees, the trial court had already been divested of jurisdiction to enter any further orders in the instant case by virtue of the fact that more than 30 days had passed since the December 14, 2000, order disposing of the case became final.

In the absence of a timely filed post-judgment motion, a trial court loses jurisdiction over a case pending before it 30 days after the entry of a final judgment terminating the litiga­tion.  
Brigando v. Republic Steel Corp.
, 180 Ill. App. 3d 1016, 1020, 536 N.E. 2d 778 (1989).  After the expiration of that 30-day period, the trial court lacks the necessary jurisdiction to amend, modify, or vacate its judgment.  
Beck v. Stepp
, 144 Ill. 2d 232, 238, 579 N.E.2d 824 (1991).  These general propositions of law are not without exception, though.  A court may at any time modify its judgment to correct a clerical error or a matter of form so that the record conforms to the judgment actually rendered.  This power may not, however, be employed to correct judicial errors or supply omitted judicial action.  
Beck
, 144 Ill. 2d at 238.  Additionally, courts retain jurisdiction to enforce the terms of a judgment.  
Comet Casualty Co. v. Schneider
, 98 Ill. App. 3d 786, 791, 424 N.E.2d 911 (1981).

The circuit court of Cook County's December 14, 2000, order
 approved the settle­ment entered into between the plaintiff and Zenith, provided for the payment of attorney's fees to the Hofeld Firm and the Loggans Firm, and dismissed this action "with prejudice."  As noted earlier, however, that order provided that it would be effective only after the entry of an appropriate order approving the bond or other surety required to administer the settlement between the plaintiff and Zenith.  On February 9, 2001, the circuit court of Will County entered such an order, appointing Diane Holwell and the Harris Trust and Savings Bank as co-guardians of the Estate, waiving any requirement for a bond, and approving the settlement entered into between the plaintiff and Zenith on the terms set forth in the Cook County court's December 14, 2000, order.  As a consequence, the December 14, 2000, order of the circuit court of Cook County became final, at the latest, on February 9, 2001.  The record reveals that no motions or petitions of any kind were filed in this case within 30 days after February 9, 2001.

At the time that Petrulis filed his petition for fees in this case on May 14, 2001, the circuit court of Cook County had already lost jurisdiction to grant any additional relief or to vacate, amend, or modify its December 14, 2000, order.  The court's adjudication of Petrulis' petition for fees can not, under any interpretation of the Sep­tember 14, 2001, order or the proceedings leading up to the entry of that order, be deemed the correction of a clerical error or the enforcement of the court's December 14, 2000, order.  

The Estate contends that, even if the trial court had lost jurisdiction over the instant case by May 14, 2001, the date Petrulis filed his original fee petition, the court was revested with jurisdiction by virtue of the Loggans Firm's conduct.  It is true that, after the trial court loses jurisdiction over an action due to the passage of time, the parties to that action may revest the court with jurisdiction by appearing before it and actively participating in proceedings which are inconsistent with the merits of the prior judgment.  
People v. Kaeding
, 98 Ill. 2d 237, 240, 456 N.E.2d 11 (1983).  Conduct is deemed to be inconsistent with the merits of a prior judgment if it can reasonably be construed as an indication that the parties do not view the prior order as final and binding.  
Kandalepas v. Economou
, 269 Ill. App. 3d 245, 251, 645 N.E.2d 543 (1994).  The Estate notes that the Loggans Firm actively participated in proceedings on Petrulis' fee petition, responding to its merits rather than contesting the court's jurisdiction to hear it.  Thus, the Estate argues, the circuit court was revested with jurisdiction over the case.  We disagree.

First, we question whether the Loggans Firm's conduct could be construed as an indication that it did not consider the circuit court's December 14, 2000, order awarding it fees to be final and binding.  Although the Loggans Firm responded to Petrulis' fee petition on the merits, at the time it did so it had pending its own motion to enforce the December 14, 2000, fee award.  Further, the Estate appears to overlook the fact that the Loggans Firm, although awarded attorney fees as part of the December 14, 2000, order, was not a party to the litigation.  Additionally, the approval of the distribution of attorney's fees was only one part of the December 14, 2000, order.  The order also approved the settlement agreement reached between the plaintiff and Zenith and dismissed the case with prejudice.  The Estate does not assert that either the plaintiff or Zenith engaged in any conduct which could be construed as an indication that they did not consider the approval of the settlement offer or the dismissal of the case with prejudice as final and binding.  The Estate asks us to find that the conduct of a non-party to the litigation, the Loggans Firm, in response to the motion of another non-party, Petrulis, revested the circuit court with jurisdiction over only the award of attorney's fees, a matter which was purely collateral to the approval of the settlement agreement, without disturbing the finality of the remainder of the December 14, 2000, order.  We find no authority to do so.

For these reasons, we find that the circuit court of Cook County lacked the requisite jurisdiction to hear and resolve the peti­tion for fees that Petrulis filed in this case.  To avoid any misunderstanding or misapplication of our conclusion in this regard, we do not mean to be understood as holding that the circuit court of Cook County is not the appropriate forum in which to resolve the question of whether Petrulis is entitled to an award of fees on a 
quantum
 
meruit
 basis for legal services rendered to the plaintiff prior to the date of his suspension from the practice of law.  We have not so held.  See 
Delbecarro
, 261 Ill. App. 3d 644.  We hold only that it had no jurisdiction to address the question in response to a petition filed in this case more than 30 days after the cause was dismissed.

We have determined that the circuit court of Cook County lacked jurisdiction to hear and resolve Petrulis' fee petition, but our jurisdictional analy­sis must continue.  Although the circuit court's Sep­tember 14, 2001, order states that it was entered upon Petrulis' second amended peti­tion for fees, the order implicitly denied the Loggans Firm's April 25, 2001, motion and also modified the December 14, 2000, order by directing that one-third of the fees awarded to the Loggans Firm be paid to the Estate.

Both the Loggans Firm and the Estate assert, and we agree, that, on September 14, 2001, the trial court had jurisdiction to entertain the Loggans Firm's April 25, 2001, motion seeking enforcement of the December 14, 2000, order.  
Comet Casualty Co.
, 98 Ill. App. 3d at 791.  The Loggans Firm contends, however, that the portion of the court's September 14, 2001, order directing that one-third of the fees previously awarded to it be paid to the Estate constitutes an impermissible modification of the December 14, 2000, order more than 30 days after that order became final.

In support of its assertion that the trial court did, indeed, have jurisdiction to modify the fee award to the Loggans Firm, the Estate points to
 Rule 6.4(a) of the Rules of the Circuit Court of Cook County, which provides that the determination as to the amount of fees to which any attorney is entitled for representation of a minor in litigation must be made by the same judge who approved the settlement agreement arising out of the litigation.  Cook Co. Cir. Ct. R. 6.4(a) (eff. April 27, 1984).  The reason for its reliance on Rule 6.4(a) is unclear.  The trial judge that entered the December 14, 2000, order approving the settlement agreement in the instant case also determined, in that same order, the amount of attorney's fees to be awarded to the Loggans Firm.  Clearly, Rule 6.4(a) was complied with in this regard, and the Estate does not assert otherwise.  After asserting compliance with Rule 6.4(a), the Estate simply goes on to argue the merits of the trial court's order reducing the fees to which the Loggans Firm is entitled.  We have no quarrel with the Estate's assertion that, since the plaintiff discharged the Loggans Firm prior to the entry of a final judgment, any fees awarded to it should have been based on a 
quantum
 
meruit
 theory for the reasonable value of services rendered prior to termination (
Rhoades v. Norfolk & Western Ry. Co.
, 78 Ill. 2d 217, 229-30, 399 N.E.2d 969 (1979)), and not computed based upon a percentage of a rejected settlement offer (
In re Estate of Murphy
, 56 Ill. App. 3d 1037, 1039-40, 372 N.E.2d 878 (1978)).  The pertinent question, however, is not whether the trial court applied an incorrect standard when it awarded the Loggans Firm $500,000 in fees on December 14, 2000, but whether, on September 14, 2001, the trial court had jurisdiction to modify the terms of its earlier order.  The Estate offers no authority to support a finding that the trial court had such jurisdiction.  We conclude that it did not.

In its order of December 14, 2000, the circuit court awarded the Loggans Firm $500,000 in legal fees.  Neither a motion to vacate that award, nor any other type of post-judgment motion, was filed within 30 days of the order terminating this case having become final, or at any time for that matter.  Further, no petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2000)) for relief from the December 14, 2000, judgment was ever filed in this case.  Consequently, on September 14, 2001, although the trial court had jurisdiction to enforce its December 14, 2000, order (
Comet Casualty Co,
, 98 Ill.  App. 3d at 791), it lacked jurisdiction to modify that order by directing that one-third of the fees previously awarded to the Loggans Firm be paid to the Estate.

Based upon the foregoing analysis, we find that the order entered in this cause by the circuit court of Cook County on September 14, 2001, is void for want of jurisdiction.  We, therefore, vacate the circuit court's September 14, 2001, order, and remand this cause to the circuit court of Cook County for further proceed­ings not inconsistent with this opinion.

Order vacated; cause remanded.

SOUTH, P.J., and WOLFSON, J., concur.

FOOTNOTES
1:  On June 28, 2002, the circuit court of Will County entered an order vacating its July 11, 2001, order awarding Petrulis $388,088.88 in fees and transferring Petrulis' fee petition to the circuit court of Cook County.