NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190287-U

NO. 4-19-0287

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 23, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JOHN W. BECK, | ) | No. 08CF1944 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court granted OSAD's motion to withdraw and vacated the trial
court's judgment.

¶ 2     In November 2018, defendant, John W. Beck, filed a "Petition *Nunc Pro Tunc*,"
arguing he was entitled to additional sentencing credit towards a 25-year sentence imposed in
August 2009. The trial court addressed defendant's motion on the merits but ultimately denied it
after finding defendant received the proper amount of sentencing credit. Defendant appealed.
Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD),
has filed a motion to withdraw on the basis no meritorious argument can be raised on appeal. For
the reasons discussed below, we grant OSAD's motion and vacate the trial court's judgment.

¶ 3                                   I. BACKGROUND

¶ 4        On June 14, 2007, defendant was arrested on federal bank robbery charges, and on December 21, 2007, he was sentenced to 151 months in federal prison. In October 2008, while defendant was serving his federal sentence, the State charged defendant with armed robbery (720 ILCS 5/18-2(b) (West 2006)), alleging he robbed a lumber store in June 2007. On November 19, 2008, the State filed a detainer against defendant. On August 7, 2009, defendant pleaded guilty to the armed robbery charge and was sentenced to 25 years' imprisonment, with the sentence to run concurrently with his federal sentence. Defendant received 262 days of sentencing credit, which represented the time from the filing of the detainer to the entry of the guilty plea.

¶ 5        In November 2018, defendant filed the instant "Petition *Nunc Pro Tunc*," arguing the court erred by awarding him only 262 days of credit. According to defendant, he should have received 784 days of credit because he was in custody from June 14, 2007, the date he was arrested on federal charges, to August 7, 2009, the date he pleaded guilty to the State charge. The State filed a response to defendant's motion in which it argued defendant was not entitled to credit for time spent in custody on an unrelated charge and in a different jurisdiction. The court agreed with the State and denied defendant's request for additional sentencing credit. Defendant filed a motion to reconsider, which the court also denied.

¶ 6        This appeal followed.

¶ 7                                II. ANALYSIS

¶ 8        OSAD contends, in part, it can raise no meritorious argument on appeal because the trial court lacked jurisdiction to hear defendant's cause and, as a result, the court's order must be vacated. Whether a court possessed jurisdiction is a question of law reviewed *de novo*. See, *e.g.*, *Vines v. Village of Flossmoor*, 2017 IL App (1st) 163339, ¶ 8, 90 N.E.3d 996.

¶ 9        Generally, absent a timely postjudgment motion, a trial court loses jurisdiction to reconsider and modify its judgment after expiration of the 30-day period following entry of the final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 14, 4 N.E.3d 474; see also *People v. Flowers*, 208 Ill. 2d 291, 303, 802 N.E.2d 1174, 1181 (2003) ("Normally, the authority of a trial court to alter a sentence terminates after 30 days."). One exception to the 30-day limitation allows a court to enter a *nunc pro tunc* order at any time "to correct a clerical error or a matter of form so that the record conforms to the judgment actually rendered." *Holwell ex rel. Holwell v. Zenith Electronics Corp.*, 334 Ill. App. 3d 917, 922, 779 N.E.2d 435, 440 (2002). However, "[a] *nunc pro tunc* order may not be used to cure a jurisdictional defect, supply omitted judicial actions, or correct a judicial error under the pretense of correcting a clerical error." *Harreld v. Butler*, 2014 IL App (2d) 131065, ¶ 13, 24 N.E.3d 786.

¶ 10        Here, although defendant labeled his motion as a "Petition *Nunc Pro Tunc*," he really sought to correct an alleged judicial error. Defendant did not argue that he was actually awarded 784 days of sentence credit but due to a clerical error only 262 days were reflected in the final judgment. Instead, defendant argued he received only 262 days of sentence credit as a result of judicial error. Because defendant's motion asked the court to modify his sentence well beyond the relevant 30-day period, the court lacked jurisdiction to entertain the merits of his motion and should have dismissed the proceeding. Accordingly, we must vacate the trial court's judgment and remand with directions to dismiss the proceedings for lack of jurisdiction. See *Bailey*, 2014 IL 115459, ¶ 29 ("After concluding that the trial court lacked jurisdiction to address the merits of defendant's motion to vacate, [the appellate court] should have vacated the trial court's judgment and ordered that defendant's motion be dismissed.").

¶ 11                       III. CONCLUSION

¶ 12        For the reasons stated, we grant OSAD's motion, vacate the trial court's

judgment, and remand with directions to dismiss these proceedings for lack of jurisdiction.

¶ 13        Judgment vacated and cause remanded with directions.