NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210541-U

NO. 4-21-0541

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 16, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| JUAN REYES, | ) | No. 05CF467 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Karen E. Wall, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) The trial court erred in allowing the State to provide input regarding
defendant's motion for leave to file a successive postconviction petition at the
cause and prejudice stage.

(2) Defendant failed to make a *prima facie* showing of cause and prejudice.

¶ 2         Defendant, Juan Reyes, appeals from the trial court's order denying his motion for

leave to file a successive postconviction petition. On appeal, defendant argues the trial court

erred in (1) allowing the State to participate at the cause and prejudice stage and (2) finding the

motion failed to make a *prima facie* showing of cause and prejudice. We agree with defendant's

first argument, disagree with his second argument, and affirm.

¶ 3                                    I. BACKGROUND

¶ 4                          A. The Charges, Trial, and Sentencing

¶ 5       In 2005, the State charged defendant with first degree murder (720 ILCS 5/9-1(a)(1) (West 2002)), attempt (first degree murder) (*id.* §§ 8-4(a), 9-1(a)(1)), aggravated battery with a firearm (*id.* § 12-4.2(a)(1)), and home invasion (*id.* § 12-11(a)(5)). Defendant's case proceeded to a jury trial conducted in January 2007.

¶ 6       Shortly before the trial began, defendant, through counsel, filed a motion to "disqualify State's Attorney Frank Young and the Office of the Vermilion County State's Attorney." In the motion, defendant alleged that prior to jury selection, "the State attempted to supplement their witness list" by adding co-defendant Andre Smith. Defendant further alleged Smith gave a statement to Young that was not recorded, making Young "a potential impeachment witness at the trial." Defendant asserted Young and the Vermilion County State's Attorney's Office were "no longer qualified to act as prosecutors" and requested the court disqualify the office or "bar the testimony of Andre Smith" at the trial. Defendant ultimately withdrew his request to disqualify the state's attorney's office after the State agreed not to call Smith at trial.

¶ 7       At the conclusion of the trial, defendant was found guilty of all charges, and the trial court sentenced him to 30 years' imprisonment for attempt (first degree murder) and life imprisonment for both first degree murder and home invasion. This court affirmed defendant's convictions on direct appeal. See *People v. Reyes*, No. 4-07-0412 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8                   B. Previous Postconviction Proceedings

¶ 9       In 2009, defendant filed his initial petition for postconviction relief, which the trial court summarily dismissed. Defendant appealed the trial court's judgment, and this court

affirmed. See *People v. Reyes*, 2011 IL App (4th) 100183-U; *People v. Reyes*, 2014 IL App (4th) 100183-UB.

¶ 10 In 2013, defendant filed a motion for leave to file a successive postconviction petition. The trial court denied defendant's motion, and this court affirmed. See *People v. Reyes*, 2016 IL App (4th) 130279-U.

¶ 11 In 2015, defendant filed a second motion for leave to file a successive postconviction petition, arguing, in part, counsel on appeal from the denial of the initial postconviction petition was ineffective for raising on appeal only two of the eight claims in the petition. The trial court denied the motion.

¶ 12 C. The Instant Motion for Leave
to File a Successive Postconviction Petition

¶ 13 On September 7, 2018, defendant *pro se* filed the motion for leave to file a successive postconviction petition which is at issue in the instant appeal. In the motion, defendant raised eight claims of alleged constitutional violations, although he subsequently withdrew three of the claims. In relevant part, defendant raised a claim of ineffective assistance of trial counsel, arguing counsel performed deficiently in failing to investigate the Vermilion County State's Attorney's Office to discover the office was under federal investigation. According to defendant, had counsel learned of the investigation, he could have included that information in the motion to disqualify the state's attorney's office and likely prevailed on the motion. Defendant alleged he did not learn of the federal investigation until 2017, when he obtained documents in response to a Freedom of Information Act request.

¶ 14 Defendant raised four additional claims that he does not discuss in any detail on appeal. First, defendant raised a claim of "police misconduct," alleging police officers failed to disclose instances in which Alex Garcia, a co-defendant and State's witness who acted as a

confidential informant, sold fake drugs to the officers. Second, defendant argued trial counsel was ineffective for failing to discover the fake drug sales mentioned above and use them at trial to attack Garcia's credibility. Third, defendant argued the State committed a *Brady* violation (see *Brady v. Maryland*, 373 U.S. 83 (1963)) by not charging Garcia with a crime for providing fake drugs, thereby preventing defendant from using evidence of the crimes to impeach Garcia at trial. Fourth, defendant argued counsel on appeal from the denial of his initial postconviction petition was ineffective for raising on appeal only two of the eight claims in the petition.

¶ 15 The trial court asked the State if it wished to respond to defendant's motion. Thereafter, the State filed a seven-paragraph motion titled, "People's Request for this Court to Deny Defendant's Motion for Leave to File Successive Post-Conviction Petition." Paragraphs one through six of the State's motion identified the various postconviction pleadings defendant had previously filed. In paragraph seven, the State asserted "defendant's motion fails to comply with the requirements of 725 ILCS 5/122-1(f)." The State requested the trial court enter an order denying defendant's motion for leave.

¶ 16 In February 2021, the trial court conducted a hearing on defendant's motion. During the hearing, the State proceeded to frame the issues for the court: "And just for procedural purposes, the [State is] in receipt of a defense motion to withdraw issues 4, 5, and 6 of his successive post-conviction. So I don't know if the Court received a copy of that." The State provided the court with a copy of defendant's motion and relevant case law. The State did not raise any substantive arguments against defendant's motion at the hearing. The trial court took the matter under advisement at the conclusion of the hearing. On March 18, 2021, the trial court entered a written order denying defendant's motion.

¶ 17 On April 7, 2021, defendant filed a motion to reconsider, arguing the trial court erroneously allowed the State to provide input regarding his motion for leave to file a successive postconviction petition at the cause and prejudice stage. A hearing on defendant's motion was held on August 19, 2021. In responding to defendant's argument, the court stated, in part, as follows:

> "THE COURT: Initially the Court allowed the State to file a written objection and that [defendant] is absolutely correct on. I should not have handled that initial hearing the way in which I did. I want to state on the record that, quite frankly, the file, which is extremely voluminous, was recently assigned to me and procedurally I was unclear where [defendant] was at in his post-conviction process and so I did ask the State."

The trial court denied defendant's motion to reconsider. It stated that the State's input had not influenced its decision to deny defendant's motion for leave in any way.

¶ 18 This appeal followed.

¶ 19 II. ANALYSIS

¶ 20 Defendant argues the trial court erred in denying his motion for leave to file a successive postconviction petition. Specifically, defendant contends the court erred in (1) allowing the State to participate at the cause and prejudice stage of successive postconviction proceedings and (2) finding he failed to make a *prima facie* showing of cause and prejudice. "The denial of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*." *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 21 A. The State's Participation Was Improper

¶ 22    Defendant first argues the trial court erred in allowing the State to participate at the cause and prejudice stage. He asserts the State improperly participated by "assist[ing] the trial court in focusing the issues to be reviewed, present[ing] a copy of [his] motion to the court ***, and ask[ing] the court to deny [the] motion." The State, on the other hand, argues that its participation was proper because it "merely provided clarification regarding the case's procedural posture at the trial court's request" and "raised no substantive arguments against defendant's motion."

¶ 23    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) contemplates the filing of only one postconviction petition. See, *e.g.*, *Bailey*, 2017 IL 121450, ¶ 15. Section 122-3 of the Act (725 ILCS 5/122-3 (West 2016)) provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited]." An exception to the forfeiture rule of section 122-3 of the Act (*id.*) is the cause-and-prejudice provision located in section 122-1(f) (*id.* § 122-1(f)), which provides the following:

> "(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised

- 6 -

during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

"[U]nder section 122-1(f)[,] the trial court must conduct a preliminary and independent screening of the defendant's motion for leave to file a successive postconviction petition for facts demonstrating cause and prejudice." *People v. Lusby*, 2020 IL 124046, ¶ 29. "The trial court is capable of determining whether the motion made a *prima facie* showing, so there is 'no reason for the State to be involved.' " *Id.* (quoting *Bailey*, 2017 IL 121450, ¶ 25). Accordingly, the supreme court held in *Bailey* "that the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings." *Bailey*, 2017 IL 121450, ¶ 24.

¶ 24    Here, after defendant's motion was docketed, the trial court "asked the State whether [it] wanted to respond." The State filed a motion titled, "People's Request for this Court to Deny Defendant's Motion for Leave to File Successive Post-Conviction Petition," requesting the trial court enter an order denying defendant's motion for leave. In paragraphs one through six of the motion, the State identified the various postconviction pleadings defendant had previously filed. In paragraph seven of its motion, the State asserted "defendant's motion fails to comply with the requirements of 725 ILCS 5/122-1(f)." The State also appeared at a hearing on defendant's motion. At the hearing, the State participated in the proceedings by assisting the trial court in framing the issues for review and providing the court with case law "outlining what are the burdens, what is the procedure, and so forth, when confronted with a successive post-conviction petition." The State did not raise any substantive arguments against defendant's motion at the hearing.

¶ 25    We are not persuaded by the State's argument that its participation in the proceedings below was proper because it "merely provided clarification regarding the case's

procedural posture at the trial court's request" and "raised no substantive arguments against defendant's motion." First, we note the State cites no authority in support of its contention that it is allowed to participate at the cause and prejudice stage so long as it does not raise substantive arguments against a defendant's motion. Indeed, the State's argument appears to conflict with the supreme court's direction that "the State should not be permitted to participate at the cause and prejudice stage of successive postconviction proceedings." *Bailey*, 2017 IL 121450, ¶ 24; see also *Lusby*, 2020 IL 124046, ¶ 29 ("The trial court is capable of determining whether the motion made a *prima facie* showing, so there is no reason for the State to be involved." (Internal quotation marks omitted.)). Moreover, we agree with defendant that the State did more than just clarify the case's procedural posture in a court filing. Significantly, in its motion, the State argued that defendant had failed to satisfy the cause and prejudice test and specifically requested that the court deny defendant's motion for leave. We acknowledge the State was primarily attempting to help the judge, who had only recently been assigned to hear the case, become familiar with the case's complex procedural history. In fact, the State did so only in response to the judge's request. However, its participation at the cause and prejudice stage went beyond just explaining the case's background when it explicitly advocated for the court's denial of defendant's motion, which was contrary to supreme court authority interpreting section 122-1(f) of the Act. See *Bailey*, 2017 IL 121450, ¶ 24. Accordingly, we conclude the trial court erred in allowing the State to participate at the cause and prejudice stage of the successive postconviction proceedings.

¶ 26                      B. Defendant Failed to Make a *Prima Facie*
                              Showing of Cause and Prejudice

¶ 27          Defendant next argues that, in the event we determine the trial court improperly allowed the State to participate at the cause and prejudice stage, we should remand for a new

judge to determine whether he made a *prima facie* showing of cause of prejudice. The State disagrees and asserts that a remand is not necessary. It suggests that, in the interests of judicial economy, we should review defendant's motion for leave and affirm the trial court's judgment finding defendant failed to make a *prima facie* showing of cause and prejudice. See *Bailey*, 2017 IL 121450, ¶ 42 (reaching the merits of the motion "[i]n the interest of judicial economy"); *Lusby*, 2020 IL 124046, ¶ 29 (same). We agree with the State's suggested approach.

¶ 28        Defendant contends he made a *prima facie* showing of cause and prejudice with respect to his claim trial counsel was ineffective for failing to investigate the Vermilion County State's Attorney's Office to discover the office was under federal investigation. According to defendant, "[i]f counsel would have investigated, counsel would have discovered the federal investigation into the Vermilion County State's Attorney's Office which may have prompted counsel to move to dismiss the indictment."

¶ 29        As noted above, "cause" is established by "identifying an objective factor that impeded [a defendant's] ability to raise a specific claim during [the] initial postconviction proceedings." 725 ILCS 5/122-1(f) (West 2016). "Prejudice" is shown by "demonstrating that the claim not raised during [the] initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* "To succeed on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice." *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 26 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

¶ 30        Even assuming defendant can show cause, he cannot establish prejudice, as his proffered ineffective-assistance claim fails as a matter of law. Defendant maintains counsel's performance was deficient in failing to conduct an investigation into the Vermilion County

- 9 -

State's Attorney's Office to discover the office was under federal investigation. However, defendant fails to explain why counsel should have suspected that there was an active federal investigation into the Vermilion County State's Attorney's Office. Although defendant did move to disqualify the state's attorney's office, he did so on the basis that one of the prosecuting attorneys had met with a co-defendant alone and obtained an unrecorded statement. Defendant does not suggest there was any connection between the prosecutor's meeting with a co-defendant and the federal investigation. Based on the facts alleged in defendant's motion, there is nothing to suggest it was objectively unreasonable for counsel to fail to discover the federal investigation into the state's attorney's office. Accordingly, we find defendant cannot establish counsel provided unreasonable assistance and, thus, he is unable to make a *prima facie* showing of prejudice.

¶ 31                    C. Defendant's Additional Claims

¶ 32        Defendant argues for the first time in his reply brief that he made a *prima facie* showing of cause and prejudice with respect to the remaining four claims in his motion for leave. Although defendant forfeited this argument by failing to raise it in his appellant's brief (see Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020)), we will nonetheless briefly address the additional claims. See, *e.g.*, *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65 ("[F]orfeiture is a limitation on the parties and not the reviewing court.").

¶ 33        As stated, defendant raised the following additional claims in his motion for leave to file a successive postconviction petition: (1) "police misconduct" in that officers failed to report several instances in which one of the State's witnesses, Alex Garcia, who worked as a confidential informant, provided fake drugs to the officers; (2) counsel was ineffective for failing to cross-examine Garcia about the instances in which he provided police officers with fake

- 10 -

drugs; (3) the State committed a *Brady* violation by not charging Garcia with a crime when he provided fake drugs because it prevented defendant from impeaching Garcia with evidence of his crime; and (4) appellate counsel was ineffective for raising on appeal from the denial of defendant's initial postconviction petition only two of the eight claims in the petition.

¶ 34 Claims one through three above each deal with the same central allegation, namely, police officers did not report several instances in which Garcia sold them fake drugs, thereby preventing defendant from using this evidence to attack Garcia's credibility at trial. However, defendant cannot show cause or prejudice for his failure to bring these claims at an earlier time. Defendant acknowledges in his motion for leave that he knew prior to trial Garcia had provided officers with fake drugs. In fact, defense counsel specifically asked Garcia on cross-examination whether he had provided officers with fake drugs, and Garcia "admitted that, while working as a drug informant, he defrauded the police." *Reyes*, 2016 IL App (4th) 130279-U, ¶ 50. Accordingly, defendant cannot show cause because he knew prior to trial that Garcia had given police officers fake drugs and he cannot show prejudice because he did, in fact, attack Garcia's credibility at trial with this evidence.

¶ 35 As for defendant's claim of ineffective assistance of appellate counsel, defendant previously raised this claim in his 2013 motion for leave to file a successive postconviction petition and therefore cannot show cause.

¶ 36                                    III. CONCLUSION

¶ 37 For the reasons stated, we affirm the trial court's judgment.

¶ 38 Affirmed.