NOTICE

Decision filed 04/05/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230244-U

NO. 5-23-0244

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JUAN REYES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 15-MR-421 |
| | ) | |
| RANDY BRINEGAR, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The circuit court had lost jurisdiction over this case, due to the expiration of 30 days after the entry of a final judgment without the timely filing of a postjudgment motion, and therefore the court should have stricken the untimely motions filed by the plaintiff, and this cause is remanded to the circuit court with directions that they be stricken.

¶ 2   The plaintiff, Juan Reyes, appeals from the Vermilion County circuit court's order that denied both (1) his motion for subpoenas and (2) his motion for reconsideration of the order confirming the court's prior dismissal of his "complaint for declaratory relief." He has filed a *pro se* appellant's brief. The defendant, Randy Brinegar, the erstwhile State's Attorney of Vermilion County, has not filed an appellee's brief. This court considers this case based on the plaintiff's brief and the record on appeal. For background information, this court also relies on past decisions by the Appellate Court, Fourth District, which formally heard appeals from Vermilion

1

County.

¶ 3                                    BACKGROUND

¶ 4        The instant appeal is from Vermilion County case number 15-MR-421, a civil case. The civil case is an offshoot of a criminal case, *People v. Juan Reyes*, Vermilion County case number 05-CF-467. A short history of the criminal case follows.

¶ 5        In No. 05-CF-467, a jury found Reyes guilty of home invasion, first degree murder, attempted first degree murder, and a lesser-included offense. At the trial, held in January 2007, the State's evidence tended to show that in January 2004, Juan Reyes and Andre Smith entered the Danville residence of William Thomas, a drug dealer, with the intention of robbing him of marijuana and cash. Both Reyes and Smith, who were both armed, shot and killed Thomas. Either Reyes or Smith shot a houseguest of Thomas, Timothy Landon, severely wounding him. After a hearing in aggravation and mitigation, the circuit court sentenced Reyes to life imprisonment for both first degree murder and home invasion, and 30 years of imprisonment for attempted first degree murder. Reyes took a direct appeal. The Appellate Court, Fourth District, affirmed the judgment of conviction. *People v. Reyes*, No. 4-07-0412 (Oct. 7, 2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        In the years that followed the unsuccessful appeal in No. 4-07-0412, Reyes filed a *pro se* petition for postconviction relief, and three *pro se* motions for leave to file successive petitions for postconviction relief. Ultimately, no success came from any of these four attempts to collaterally attack the judgment of conviction. See *People v. Reyes*, 2022 IL App (4th) 210541-U.

¶ 7        The civil case—No. 15-MR-421—began in December 2015, when Reyes filed a *pro se* "complaint for declaratory relief." In that complaint, Reyes sought a court order compelling Randy Brinegar, as the State's Attorney of Vermilion County, to provide Reyes with a copy of the surgical

2

report that was drafted by "Dr. Ochoa" and that described the wounds incurred by Timothy Landon as a result of his January 2004 shooting. According to Reyes's complaint, Dr. Ochoa's surgical report would show that "the shooting could not have happened as Landon testified, given the location of the bullet's entry wound."

¶ 8    Accompanying the complaint was a copy of a letter to Reyes from Marguerite Bailey, the office manager for the Vermilion County State's Attorney. This letter was dated May 26, 2015. The letter stated that the file in No. 05-CF-467, along with all other files older than seven years, had been destroyed in December 2014, and that the circuit clerk did not scan documents at that time. As a result, the letter concluded, there were no records available.

¶ 9    On January 14, 2016, State's Attorney Brinegar filed a "motion for summary judgment, judgment on the pleadings and motion to dismiss for failure to state a cause of action." The motion stated that Reyes, in 2015, had filed a request with the State's Attorney's Office, under the Freedom of Information Act, for a copy of a "medical report," but the State's Attorney's Office, on May 26, 2015, responded to Reyes's request with a letter stating that office personnel, after a diligent search, could not locate the medical report. The motion expressed the belief that the office's trial file had been destroyed "as part of a routine shredding event after the passage of some years." As a result, the State's Attorney did not have the type of document described by Reyes. The motion asked the court to dismiss, with prejudice, Reyes's complaint for declaratory judgment.

¶ 10    Accompanying the motion for summary judgment was a copy of an affidavit signed by Marguerite Bailey, office manager for the Vermilion County State's Attorney. The affidavit was notarized on January 14, 2016. In the affidavit, Bailey described her attempts to locate the file in No. 05-CF-467, attempts that proved fruitless.

3

¶ 11 The court granted Reyes 30 days to respond to Brinegar's motion for summary judgment. He did not file a response.

¶ 12 On March 30, 2016, the court entered a docket-entry order. The order noted Reyes's absence from court, and it showed that the court dismissed the cause "in its entirety."

¶ 13 At some point, Reyes filed, in the United States District Court for the Central District of Illinois, an application for relief under 28 U.S.C. § 2254. The district court denied the application for relief. The United States Court of Appeals, Seventh Circuit, affirmed. *Reyes v. Nurse*, 38 F.4th 636 (7th Cir. 2022).

¶ 14 Meanwhile, nothing happened in the instant civil case, No. 15-MR-421, for more than 6½ years following the docket-entry order of March 30, 2016.

¶ 15 It was on November 4, 2022, that Reyes filed a "motion to re-instate." In that motion, Reyes sought to "move forward with the declaratory judgment" that he had filed in this case in December 2015. He noted that the circuit court had dismissed the cause on March 30, 2016.

¶ 16 On November 9, 2022, the circuit court entered a written order finding that "the original dismissal" of this case, entered on March 30, 2016, "stands as a final order in this case." The court found that that prior ruling was not void. The court added: "After the passage of 6 years, this court is not going to reinstate a dismissed case without evidence of due diligence and absent any fraud or collusion." The court did not see any evidence of due diligence on the part of Reyes or any evidence of fraud by anyone else.

¶ 17 On November 14, 2022, Reyes filed *pro se* a "motion for subpoenas." Reyes wanted the court to grant his request for a subpoena of Timothy Landon, so that he could request a copy of the surgical report on Landon at the time of his shooting.

¶ 18 On November 28, 2022, Reyes filed *pro se* a "motion for reconsideration" of the order that

4

had been entered on November 9, 2022. The motion did not present any new facts or legal theories.

¶ 19 On March 16, 2023, the circuit court entered a written order that denied Reyes's "motion for subpoenas," which he had filed on November 14, 2022, and his "motion for reconsideration," which he had filed on November 28, 2022. In regard to the motion for subpoenas, the denial order stated as follows: "The case was previously dismissed on two occasions (*i.e.*, Judge Goodwin's Dismissal March 30, 2016, and Judge Wall's confirmation of Judge Goodwin's Dismissal November 9, 2022). Therefore, there is no pending case for which to gather evidence. Subpoenas are not necessary or practical, as no issue in controversy is properly pending before this court." In regard to the motion for reconsideration, the denial order stated as follows: "[Reyes] is requesting copies of missing evidence (*i.e.* a surgical report from OSF for Timothy Landon, the murder victim [*sic*] in 05CF467). Because the Vermilion County State's Attorney's Office does not have any surgical report, the Motion for Summary Judgment was allowed by Judge Goodwin in 2016. The Motion to Reconsider does not state a basis for this court to reconsider its' [*sic*] ruling of November 9, 2022, confirming Judge Goodwin's prior order."

¶ 20 Reyes filed a notice of appeal within 30 days after the entry of this denial order.

¶ 21                                                  ANALYSIS

¶ 22 This appeal is from a written order entered by the circuit court on March 16, 2023, an order that denied the plaintiff's motion for subpoenas and his motion for reconsideration. In his *pro se* appellant's brief, Reyes argues (1) the circuit court erred in denying his *pro se* "declaratory judgment" where he demonstrated an actual controversy; and (2) due to that controversy, Vermilion County prosecutors should be obligated, under the Illinois Rules of Professional Conduct, to obtain the surgical report that was drafted by "Dr. Ochoa" and that described the

5

wounds incurred by Timothy Landon, for the surgical report would show that the wounds contradicted the trial testimony of Landon.

¶ 23 As previously noted, defendant Brinegar has not filed an appellee's brief in this appeal. Nevertheless, this court may address the merits of the appeal if plaintiff-appellant Reyes has raised claims of error that may easily be decided without the benefit of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Reyes's claims of error may be easily disposed of without a brief from Brinegar, and this court chooses to address the merits of this appeal.

¶ 24 Here, the circuit court lacked jurisdiction to rule on Reyes's "motion to re-instate" (filed on November 4, 2022), or on his "motion for subpoenas" (filed on November 14, 2022), or on his "motion for reconsideration" (filed on November 28, 2022). The court should have recognized its lack of jurisdiction and, accordingly, should have struck all three of those motions. The reason for the court's lack of jurisdiction was that more than 30 days had elapsed since March 30, 2016, the date on which the court entered a final judgment that dismissed the cause "in its entirety," thus terminating the litigation, and therefore the court's jurisdiction had lapsed. "In the absence of a timely filed post-judgment motion, a trial court loses jurisdiction over a case pending before it 30 days after the entry of a final judgment terminating the litigation." *Holwell v. Zenith Electronics Corp.*, 334 Ill. App. 3d 917, 922 (2002). After that 30-day period expires, the court lacks the necessary jurisdiction to amend, modify, or vacate its judgment, subject to a few carefully circumscribed situations. *Id.*

¶ 25 Furthermore, nothing in the parties' conduct after March 30, 2016, indicates that the court was revested with jurisdiction. See, *e.g.*, *People v. Kaeding*, 98 Ill. 2d 237, 240-41 (1983) (under

the "narrow terms" of the revestment doctrine, opposing litigants may revest a court with jurisdiction through conduct that is inconsistent with the merits of the prior judgment).

¶ 26 Accordingly, the circuit court's order of November 9, 2022, which denied Reyes's "motion to re-instate," and its order of March 16, 2023, which denied his "motion for subpoenas" and "motion for reconsideration," are hereby vacated. This cause is remanded with directions that the circuit court strike those three motions—to reinstate, for subpoenas, and for reconsideration—for want of jurisdiction.

¶ 27                                    CONCLUSION

¶ 28 Due to the lapse of the circuit court's jurisdiction, the court should not have ruled on Reyes's motions to reinstate, for subpoenas, and for reconsideration. Instead, the court should have stricken those motions. Therefore, the court's orders of November 9, 2022, and March 16, 2023, are vacated. This cause is remanded with directions that the circuit court strike the three motions in question—*i.e.*, the "motion to re-instate" (filed on November 4, 2022), the "motion for subpoenas" (filed on November 14, 2022), and the "motion for reconsideration" (filed on November 28, 2022)—for want of jurisdiction.

¶ 29 Orders vacated; cause remanded with directions.